granted letters testamentary to Charles A. Spiegel, but refused them to the appellant.

The orphans' court in an opinion by HANNA, P. J., held that the first will had been expressly revoked by the later will, except as to the legacies to the Kanes, and that appellant was not entitled to letters testamentary. The court cited and relied upon Goods of Lowe, 3 Sw. & Tr. 478, in support of the decision. A decree was entered dismissing the appeal. The Fidelity Insurance Trust and Safe Deposit Co. then took this appeal.

*Errors assigned* were (1) the dismissal of the appeal from the register of wills, (2) the refusal to direct the register to issue letters to the appellant, (3) the refusal to direct the register to join the appellant in the letters issued to Charles A. Spiegel.

*John M. Gest*, for appellant.

No paper book was filed contra.

PER CURIAM, January 7, 1892.
Decree affirmed.


# Groll et al. *v.* Gegenheimer, Appellant.

*Appeals—Amicable action of ejectment—Waiver of appeal.*

No appeal lies to the Supreme Court from a refusal of the court below to open a judgment entered in an amicable action of ejectment under a warrant in a lease, where the lessee has waived his right to an appeal in the lease upon which judgment was entered.

Argued June 12, 1892. Appeal No. 93, July T., 1891, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1891, No. 779, discharging a rule to open judgment and stay writ of habere facias possessionem. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

On April 4, 1891, judgment was entered by Andreas Groll and August F. Brecht against Frederick Gegenheimer in an amicable action of ejectment on a warrant to confess judgment. The lease containing the warrant provided that upon default in the payment of rent "any attorney may immediately there-

after, as attorney for the said lessee, at the sole request of the said lessor, sign an agreement for entering in any competent court an amicable action and judgment in ejectment (without any stay of execution or appeal) against the said lessee and all persons claiming under said lessee for the recovery by the said lessor of possession of the hereby demised premises, without any liability on the part of the said attorney, for which this shall be a sufficient warrant; and thereupon a writ of habere facias possessionem may issue forthwith without any prior writ or proceeding whatsoever, and the lessee hereby releases to the lessor all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon, or concerning the same ; and hereby agrees that no writ of error or objection or exception shall be made or taken thereto."

On April 6, 1891, the defendant obtained a rule to open the judgment and set aside the writ of habere facias. The petition for the rule was not printed in the paper books, but it was stated in the appellee's paper book that the court granted the rule on the averment that the defendant had called on A. F. Brecht for the purpose of paying the rent, but that the latter had denied ownership of the premises. The defendant alleged in his paper-book that the copy of lease filed was not verified by affidavit, and the suggestion of breach of condition filed was defective. The court discharged the rule. Defendant appealed.

*Errors assigned* were (1) order discharging rule as above, (2) refusal of court to decide that judgment was improperly entered.

*Charles Davis*, with him *M. Dittman*, for appellant.

*George Northrop*, with him *Gustave R. Schaefer*, for appellees.

PER CURIAM, January 12, 1892.
Writ quashed.