## Gibson *v.* Vetter, Appellant.

*Landlord and tenant — Lease — Ejectment — Parol evidence — Opening judgment.*

Upon a rule to open a judgment entered under an ejectment clause in a lease, where the lessee seeks to set aside the written lease under which he went into possession, and to establish a parol lease which would change the term, he is held to the same strictness of proof that would be required of the lessor, if he were attempting to enforce a forfeiture for condition broken.

In such a case where the evidence of the lessee is not corroborated, but is contradicted by the lessor, and the time of the alleged agreement was when the lessee was already bound by the written lease for a further term of two years, the court will be justified in refusing to open the judgment.

Submitted on paper-books April 3, 1894. Appeal, No. 305, Jan. T., 1894, by defendant, Theodore Vetter, from order of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 623, discharging rule to open judgment in favor of plaintiff, Alfred C. Gibson. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Rule to open judgment entered on ejectment clause in lease.

Defendant, in his petition for rule to open judgment, averred : " That he did sign a lease dated Nov. 20, 1889, to commence from Dec. 1, 1889, for two years, a copy of which is filed in this proceeding. That in 1891 he received a legal notice to remove from and deliver up possession to his landlord. That the said landlord, Alfred C. Gibson, then demanded of him an increase of rent to seventy-five dollars per month, but deponent refused to pay the same, and he then demanded sixty dollars, but deponent refused to give sixty dollars a month. That said landlord then told deponent that he could remain at the old rent, fifty dollars, but deponent declined to remain for the rea-

son that he occupied the store as a wholesale liquor store, and his license commenced each year on June 1st, and expired on the first day of the next June, and the license fee had been increased to one thousand dollars. He would not renew the lease from the first of December, 1891, and so be liable to be turned out on the first of December, 1892, in the middle of his license year. The deponent informed plaintiff that he would remain at fifty dollars per month under a new lease in which the year was to commence on the first day of June, 1892. That deponent said if this offer was not accepted he would remove under his notice then given. That the said A. C. Gibson then agreed with deponent that if he would remain on the premises and take out his license for the year commencing June 1, 1892, he would lease the premises to him for the year commencing the first day of June, 1892, and ending June 1, 1893. That deponent in consequence of said agreement of the said A. C. Gibson did apply for and receive a wholesale liquor license for the year commencing June 1, 1892, for the said premises, No. 138 Brown street, and did remain as tenant, and has always paid his rent promptly under the said agreement. That since the three months' notice to remove was served on deponent, Aug. 3, 1893, the said A. C. Gibson said to deponent that if he would give him, A. C. Gibson, the landlord, the sum of two hundred and fifty dollars he might remain on the premises."

The only depositions taken in support of the rule were those of defendant and his wife. Plaintiff, in his deposition, denied making the parol agreement alleged by defendant. The written lease under which defendant was in possession was for two years from Dec. 1, 1889, with an agreement that in default of notice three months before the expiration of the term it should continue for a further period of two years.

Rule to open judgment discharged. Defendant appealed.

*Error assigned* was above order.

*Wm. H. R. Lukens,* for appellant, cited : Mullen v. Mageoch, 14 W. N. 127 ; Wilgus v. Whitehead, 89 Pa. 131 ; Grossman's Ap., 102 Pa. 140 ; Secor v. Shippey, 7 Pa. C. C. R. 555 ; Connav v. Holstead, 73 Pa. 354 ; Walker v. Githens, 156 Pa. 178.

*Wm. B. Crawford*, for appellee, cited : Philips v. Meily, 106 Pa. 536 ; Honesdale Glass Co. v. Storms, 125 Pa. 268 ; Van Voorhis v. Rea, 153 Pa. 19 ; English's Ap., 119 Pa. 533 ; Thompson v. Christie, 27 W. N. 87.

OPINION BY MR. JUSTICE FELL, May 23, 1894 :

The error alleged is that the court discharged a rule granted to show cause why a judgment in ejectment entered by virtue of an agreement in a lease between the parties, and because of the refusal of the lessee to deliver possession at the end of the term, should not be opened and the defendant let into a defence. The lease is for two years from December 1, 1889, with an agreement that, in default of notice three months before the expiration of the term, it shall continue for the further period of two years.

The rule to open judgment was granted upon an affidavit of the defendant averring that before the expiration of the first two years he entered into a new agreement with the plaintiff to lease the premises for a year beginning June 1, 1892, and that he is in possession under this new lease, and that his term does not expire until June 1, 1894.

The issue of fact raised was whether the first lease had been abrogated by agreement of the parties. The case was heard on depositions, and we think properly decided.

The burden was upon the lessee, who was seeking to set aside a written lease under which he went into possession, and to establish a parol lease which would change the term. He should not be permitted to go to a jury on this question unless he made out a case clear of reasonable doubt. He should be held to the same strictness of proof that would be required of the lessor if he were attempting to enforce a forfeiture for condition broken. His testimony did not come up to the standard. His occupation of the premises was entirely consistent with the written lease as to the amount of rent and times of payment, and no dispute arose until after the notice to quit had been given, and a transfer of the lease refused to the party to whom he had sold his business. The time of the alleged agreement was when he was already bound by the written lease for a further term of two years commencing December 1st. His whole story, while in line with his present interest, is entirely inconsistent with

his past conduct. It is not corroborated in any important particular, and is met by a denial of the plaintiff that is clear, direct and unequivocal.

The judgment is affirmed.