# Penna. Company for Insurance on Lives and Granting Annuities, Trustee, for use of Owen McCarroll, and Owen McCarroll in his own right, *v.* John Shanahan, Appellant.

*Landlord and tenant—Discretion of court in refusing to open judgment in ejectment—Co-existent rights to recover rent and possession—Amendment.*

There is no abuse of discretion in refusing to open a judgment in ejectment, entered upon warrant of attorney for conditions broken in the lease, because levy and distress had been made for rent in arrears and the leasehold interest sold to the use plaintiff. The right to recover rent in arrear and the right to recover possession co-exist and may be exercised together.

The status of the use plaintiff is immaterial to the defendant; if the defendant still had an interest in the lease it could not be destroyed by a lease by the legal to the use plaintiff, if he had none he has no ground to complain; the right to add the use plaintiff to the record is also immaterial because if a mistake it could be amended.

*Appeal—Review of discretion in refusal to open judgment.*

A rule to open judgment is an appeal to the discretion of the court upon equitable grounds, and if refused an appeal lies, but such appeal only raises the question whether there has been an abuse of discretion in refusing to open; such appeal is, in effect, a certiorari bringing up the record for examination and the only question to be considered by the appellate court is whether the record is sufficient to sustain the judgment.

Argued April 11, 1899. Appeal, No. 68, April T., 1899, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1898, No. 375, discharging rule to vacate judgment. ·Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Rule on plaintiff to show cause why judgment confessed on a lease by warrant of attorney should not be set aside and vacated.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule to set aside and vacate judgment. Defendant appealed.

*Error assigned* was discharging rule to vacate and set aside judgment in favor of plaintiff and against defendant.

*H. M. Scott,* for appellant.—A judgment by confession must be self-sustaining on the record: Stewart v. Lawson, 181 Pa. 549.

A claim must not only allege the breach in clear and unequivocal language, but must also set out damages specifically: Clements v. Dempsey, 7 Pa. Superior Ct. 52.

*J. A. Wakefield,* for appellee, submitted no paper-book.

OPINION BY BEEBER, J., May 18, 1899:

This is an appeal from the order of the court below discharging defendant's rule to show cause why the judgment should not be set aside and vacated.   In the consideration of the question whether the court below erred in discharging this rule it must be remembered that the court has no power to strike off, set aside or vacate a judgment except for fatal irregularity apparent on the face of the record.   A rule to open a judgment is an appeal to the discretion of the court, upon equitable grounds, and if refused an appeal lies, but such an appeal only raises the question whether there has been an abuse of discretion in refusing to open.   An appeal from the refusal of the court below to strike off a judgment is, in effect, a certiorari bringing up the record for examination.   In such an appeal ordinarily the only question considered is whether the record is sufficient to sustain the judgment.   The question is not whether there are irrelevant, unnecessary and immaterial matters of record, but whether there is sufficient record to sustain the judgment: Bredin v. Gilliland, 67 Pa. 34; O'Hara v. Baum, 82 Pa. 416; Dikeman v. Butterfield, 135 Pa. 236; Phila. v. Jenkins, 162 Pa. 451; North v. Yorke, 174 Pa. 349.

The record in this case shows that the defendant, by written agreement, leased certain premises from the Pennsylvania Company for the Insurance on Lives and Granting Annuities, trustee under the will of Elizabeth M. Rush, deceased.   In this written lease he agreed that, if he failed to pay the rent within five days from the dates fixed for its payment, the lease should, at the lessor's option evidenced by a written notice left with him or on his premises at least ten days prior to the time fixed in it for the termination, determine and become absolutely void. When the lease should be so determined by condition broken

he authorized any attorney to appear for him in an amicable action of ejectment and confess judgment against him for the recovery of the demised premises. This was followed by the usual clause requiring the lessor to file in such action an affidavit made by it or by some one in its behalf setting forth the facts necessary to authorize the entry of judgment according to the terms of the lease, and making such affidavit conclusive evidence.

In execution of the authority given in this lease, the material substance of which is above set forth, on the 4th day of April, 1898, an attorney appeared in court for defendant and confessed judgment against him for the recovery of the premises demised. At the same time he filed an affidavit, made by the use plaintiff, setting forth in effect that defendant had defaulted in the payment of rent as agreed in the lease, and that the plaintiffs, in the exercise of their option contained in the lease, had left on the premises, more than ten days previous to the time fixed for the lease's determination, a notice of their intention to determine the lease, and that in defiance of said notice defendant still retained possession of the premises and refused to leave. We are of opinion that this judgment was regularly entered and was amply authorized by the terms of the lease.

It is contended, however, that, because this affidavit contained other statements to the effect that the legal plaintiff had levied upon the defendant's leasehold interest in the demised premises and sold it to the use plaintiff and had subsequently executed a written agreement for the lease of the same premises to the use plaintiff, all proceedings on the defendant's lease are void. No authority has been cited that shows that a lessor, who attempts to recover rent in arrear by levy and distress, is by that act prevented from proceeding under the authority contained in the lease to recover possession of the premises on the ground that the payments of rent have not been made as agreed upon. It is not necessary for us to decide whether defendant's leasehold interest could be sold under a levy and distress for rent in arrear or not, for it can make no difference to him which way that question is decided. If it was a valid sale then defendant has no further interest in it, and if it was not a valid sale, its invalidity does not take away the right of the legal plaintiff to begin proceedings to recover possession. The right to recover

rent in arrear and the right to recover possession co-exist and may be exercised at the same time. In fact, these two rights are often exercised in one and the same proceeding. Nor can it make any difference to the defendant that the legal plaintiff subsequently executed a written lease of the same premises to the use plaintiff, for if he still had any interest in his lease it could not be destroyed by this act of the legal plaintiff, and if he had not, he had no ground to complain. Whether it might be held that this act of the legal plaintiff did not establish its right to add to the record a use plaintiff is immaterial, because, if it was a mistake, the record could have been amended in the lower court or can even be here amended by striking off the name of the use plaintiff: Act of May 4, 1852, P. L. 574; Cochran v. Arnold, 58 Pa. 399; Weller's Appeal, 103 Pa. 594; Adams v. Edwards, 115 Pa. 211. We are satisfied that this record shows ample authority to enter the judgment in the amicable action of ejectment, and strict performance of all the conditions upon which authority is given to enter judgment. Such being the case it was not within the power of the court below to set it aside and vacate it.

Judgment affirmed.