## Gleadall v. Kenney, Appellant.

*Landlord and tenant—Statute of fraud—Principal and agent—Memorandum in writing.*

Where in the body of a lease it is stated that the lease is made by the owner through her agent, and the lease is executed under seal by both lessee and agent, and is subsequently assigned in writing by the owner herself under seal, the lease cannot be subsequently attacked by the lessee, who went into possession under it, as invalid because there was no written authority from the owner to her agent to execute the lease.

Submitted Oct. 12, 1903.   Appeal, No. 74, Oct. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1903, No. 2600, discharging rule to open judgment, in case of Hannah A. Gleadall, Assignee of Mary E. Kahmer, v. Margaret Kenney.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to open judgment.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*John H. Fow*, for appellant.

*F. Pierce Buckley* and *Charles J. Sharkey*, for appellee.

PER CURIAM, November 16, 1903 :
The lease under which the defendant became tenant of the premises in question, purported to be made by " Mary Kahmer

through her agent John K. Stokley," and was signed and sealed by him as well as by the defendant. It was executed on March 22, 1902, and on April 29, 1902, was assigned by Mary Kahmer, by writing under seal, to the present plaintiff. The term of the lease was one year from April 10, 1902. The defendant covenanted to surrender possession " at the expiration of said term," and agreed that if she should violate any of the covenants of the lease an amicable action and judgment in ejectment might be entered against her. On April 13, 1903, pursuant to the authority thus given, an amicable action was entered and judgment confessed against the defendant, it being alleged in the plaintiff's affidavit, which allegation is undenied, that written notice to quit was given the defendant three months before the expiration of the term. Under these facts the plaintiff's right to the possession of the premises at the time the judgment was entered is clear; it is equally clear that the entry of judgment was strictly within the term of the power. We cannot see that the validity of the judgment, or of the power pursuant to which it was entered, is affected by the fact that the lease was not signed by the lessor or her lawfully authorized agent. See Schultz v. Burlock, 6 Pa. Superior Ct. 573; Stewart v. Jackson, 181 Pa. 549. Nor can we see that the defendant's affidavit raised any questions of fact which required the opening of the judgment.

Order affirmed and appeal dismissed at the appellant's costs.