# Jones, Appellant, *v.* Scott.

209    177
e 27 SC   84

*Judgment—Opening judgment—Restitution—Equitable power—Assignment of leasehold.*

On a rule to open a judgment and for restitution of land, it appeared that plaintiffs had assigned to defendant their interest in a leasehold for the consideration of $20,000. Of this sum $14,000 consisted of seven deferred monthly payments, each in the sum of $2,000 with interest. The assignment authorized an attorney for plaintiffs on default of defendant to confess judgment in ejectment against defendant for the leasehold interest and also judgment for all the monthly installments unpaid at the date of the confession. Defendant defaulted on the fifth installment, whereupon judgment was entered against him for the possession and for the unpaid installments. Plaintiffs issued an hab. fa. possessionem and took possession. Defendant testified that the default had occurred through the inadvertence of a clerk during his, defendant's, absence in another state, that he had provided money for the payment, that the judgment had been entered without notice to him within three days after the installment became absolutely payable, and that within four days the sheriff delivered possession to plaintiffs. *Held,* that the court below committed no error in opening the judgment and ordering restitution of the premises on payment to plaintiffs of the entire sum due and unpaid with interest, together with attorneys' fees and costs.

Argued April 19, 1904. Appeal, No. 52, Jan. T., 1904, by plaintiff, from order of C. P. Huntingdon Co., Dec. T., 1903, No. 2, making absolute rule to open judgment and for restitution in case of Edwin G. Jones and George W. Tappan v. Charles H. Scott. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Rule to open judgment and for restitution.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Roswell H. Patterson* and *Thomas F. Bailey,* with them *Ralph W. Rymer,* for appellant.—It was not necessary that the plaintiff in ejectment in this case serve notice on the defendant before the issuing of the writ of hab. fa. poss.: Harris v. Ligget, 1 W. & S. 301; Lauman v. Young, 31 Pa. 306.

The court erred in holding that the proceeding by which the plaintiffs obtained judgment in ejectment and upon which the writ of habere facias possessionem was issued, is equivalent to an equitable action of ejectment: Lanning v. Davies, 3 Kulp, 319.

There was no sufficient reason alleged or proven to move the chancellor to open the judgment: Von Storch v. Phelps, 2 Kulp, 112; Saunders's App., 19 W. N. C. 507; Seltzer v. Moser, 1 Woodward, 475; Malone v. Phila. & Reading R. R. Co., 1 Clark, 380.

We contend that the court, by its decree, made a new contract between the parties which, in the absence of fraud, accident or mistake was error: Seltzer v. Moser, 1 Woodward, 475.

If this motion to open a judgment be treated as a bill in equity for an injunction restraining execution thereon, and for general relief, we submit that the decree is still error: Goddard & Draper's App., 1 Walker, 97.

The writ of habere facias possessionem should not have been set aside: Catlin v. Robinson, 2 Watts, 373.

*A. O. Furst,* of *Furst & Dorris,* with him *Arthur G. Dickson,* for appellee.—Any enforcement of the agreement, either by an action at law or a proceeding under a warrant of attorney, must assimilate it to an equitable action of ejectment: Goddard's App., 1 Walker, 97; Shaw v. Bayard, 4 Pa. 257; Connolly v. Miller, 95 Pa. 513; Jones v. Backus, 114 Pa. 120; Oil Creek R. R. Co. v. Atlantic, etc., R. R. Co., 57 Pa. 65.

OPINION BY MR. JUSTICE DEAN, May 9, 1904:

Charles A. Scott, defendant, with Jones and Tappan, plaintiffs, were tenants in common of a coal lease on certain coal land in Carbon township, Huntingdon county. Scott alleging he was also a partner with Jones and Tappan in operating the lease, on February 11, 1903, filed a bill in equity for an account and appointment of a receiver for the partnership. On hearing the court below declined to find that a partnership existed and dismissed plaintiff's bill. Thereupon, the parties compromised all matters in dispute between them, by which agreement, dated March 16, 1903, Jones and Tappan as-

signed all their interest in the lease to Scott for the consideration of $20,000. Of this sum, $14,000 consisted of seven deferred monthly payments each in sum of $2,000 with interest, to be made on the 15th day of each month following, commencing with the month of April; and further providing that if default were made in any payment for a period of thirty days after it became due Scott would surrender possession of the assigned lease to Jones and Tappan; and further, authorized any attorney for Jones and Tappan on default of Scott, to confess judgment in ejectment against him, Scott, for the leasehold interest and also judgment for all the monthly installments unpaid at the date of the confession of judgment. Scott defaulted on the fifth monthly payment, that of the 15th of August; whereupon judgment on the power of attorney was confessed against him for the possession under the lease, and also for the unpaid installments. On this judgment plaintiffs issued hab. fa. possessionem and took possession of the property. Thereupon, Scott presented his petition to the court below, setting out that the default on the 15th of August had occurred through the inadvertence of a clerk during his, Scott's, absence in another state; that he had provided money for the payment; that the judgment had been entered without notice to him, within three days after the installment became absolutely payable, and that within four days the sheriff delivered possession to the plaintiffs. He further set forth, that the transfer by Jones and Tappan to him was only of a half interest in the lease; that after the transfer he had purchased from third parties the other outstanding half interest, so that, when the judgment for the unpaid money was entered it became a lien upon, not only the half that Jones and Tappan had transferred to him, but upon the whole land, the subject of the lease; that thereby the judgment was amply secured upon property worth double that embraced in the original transfer to him by Jones and Tappan. He therefore prayed that the judgment be opened and that possession of the premises be restored to him. The court below ordered restitution of the premises on payment to plaintiffs of the entire sum due and unpaid with interest; also $350 attorney's fees, $200 compensation, as well as all costs and other liabilities incurred by plaintiffs.

From this decree, Tappan, one of plaintiffs, brings this ap-

peal, assigning for error, that the decree is based on the fact, that notice by plaintiffs to Scott of his default, and their intention to claim a forfeiture of his possession, was not given, and that this was such an irregularity as avoids the proceedings; and further, that the court erred in holding that the proceeding was equivalent to an equitable action of ejectment.

We do not think formal notice to Scott was necessary as a preliminary to the entry of a valid judgment on the power of attorney; the parties made their own contract and in it made no provision for such notice. Doubtless, if plaintiffs had given such notice and it had not been heeded by Scott, he would then have been effectually barred from a favorable decree in the court below, for he would have had no equity to move a court. Plaintiffs however took the risk of the subsequent interposition of a court of equity, when they relied on the strict wording of the writing and entered the judgment. But this did not oust the jurisdiction of equity on a proper case shown.

The obvious intent of this agreement must be noted in reaching an equitable decree. Scott was to pay $20,000; before executing the writing he paid $6,000; then he gave the written obligation to pay $14,000 more. To secure this last obligation he executed a power of attorney, authorizing a confession of a personal judgment for the unpaid purchase money at date of any monthly default and also a judgment in ejectment for the land. Clearly, the object both parties had in view was security for the payment of the money; the reclamation of the land by the vendors was only incidental and secondary to the main purpose of securing payment of their money.

They had two strings to their bow, a power to take judgment for the money which they could enforce against any property Scott owned, a special power to confess judgment by which they could repossess themselves of the land. The plaintiffs on default in payment of the fifth installment confessed judgment in ejectment and took possession of the land. Concede, that the adoption of this method followed literally the law of the written contract, yet it was an attempt to enforce against Scott a right to appropriate his land in payment of a money obligation, by a proceeding in which he was not heard and which in its nature was a forfeiture, a method in the eyes of a court of equity, always odious. This at once gave to him

a right to invoke the interpretation of equity to determine what, if any equities he had under his contract. In the absence of the power of attorney to confess judgment, plaintiffs, to get the land, would have been forced to an equitable ejectment and the case would have come to trial before a court and jury. The court would have interpreted the instrument as one to secure the purchase money of the land by, in substance, authorizing the vendors to repossess themselves of the land in default of payment; the jury would have been instructed to find for plaintiff the land, to be released on payment of the unpaid installments within such time as in equity the contract and circumstances required, say one, two, four or six months. But the object of the agreement being only to secure the payment of the purchase money, in no view of it would the court have permitted it to be used by the plaintiffs to get, practically, both land and money; for be it noticed, that at the date of the default plaintiffs had received the whole consideration money, $20,000, except the last three monthly payments amounting to a balance of $6,000. Appending the power of attorney to confess judgment for the land in no way ousted the jurisdiction of equity over the contract or prevented it from administering the equities of the parties. And this is all the learned judge of the court below did when appealed to, by his decree. We are not sure that if we were exercising original jurisdiction, that we would have made such liberal decree for compensation and attorneys' fees to plaintiffs as he awarded them. But that question is not before us and we pass no opinion thereon.

It is clear to us, there is no error in the decree, therefore it is affirmed on the long line of cases from Youst v. Martin, 3 S. & R. 423, down to Jones v. Backus, 114 Pa. 120.

Decree affirmed.