## Seagrave *v.* Lacy, Appellant.

*Appeals—Landlord and tenant—Waiver of right to appeal—Quashing appeal.*

An appeal from an order refusing to open a judgment entered on an ejectment clause in a lease, will be quashed where it appears that the lease contained a waiver of a right to appeal, and the contention of the defendant that the lease had expired and a different contract existed between the parties, is not established by anything appearing in the record. If in such a case the defendant relied upon what was contained in depositions to overcome the waiver, it was his duty, having ample time, to suggest a diminution of the record, and have the depositions brought up.

Appeal, No. 235, Oct. T., 1904, from C. P. No. 3, Phila. Co.
Motion to quash appeal.

Appeal quashed.

PER CURIAM, July 17, 1905 :

This is a motion to quash the defendant's appeal from the order of the common pleas discharging his rule to show cause why judgment entered in a amicable action of ejectment under a warrant in a lease should not be opened.   The motion is founded on the following waiver contained in the lease : " The said lease hereby releases to the said lessor all errors and defects whatsoever in entering such action or judgment, or in any proceeding thereon, or concerning the same ; and hereby agrees that no writ of error or objection or exception shall be made or taken thereto."   In Groll v. Gegenheimer, 147 Pa. 162, which was an appeal from a refusal to open a similar judgment, it was held that the appeal should be quashed. Prima facie, therefore, the waiver of the right of appeal contained in the lease would be ground for quashing the present appeal.   But counsel for appellant says in his brief of argument " that this appeal was from the decree of the court below because the tenancy under the lease had been terminated, and there was then in existence a contract of tenancy between the parties, executed at the time the original lease was terminated, in which there was no waiver of appeal : and the court below resurrected the lease for the purposes of its decree that had died by mutual consent of the parties over two months prior."

We find nothing in the petition upon which the defendant asked to have the judgment opened to sustain this allegation, nor do we find any fact averred therein which would be effective as against the defendant's waiver. If, therefore, the defendant relies on what was contained in the depositions to overcome the waiver, it was his duty rather than that of the plaintiff, to produce them for our inspection. It may be said that he was not bound to produce the record until the return day of the writ; but the fact is that he did have the record in court duly returned but without the depositions. The record was returned last November. When the motion was made he had notice that he would be required to show cause why the plaintiff would not be permitted to assert the waiver of appeal which he had made in the lease, and he has had ample opportunity by suggestion of diminution of record to have the depositions brought up. See section 2, Act of May 19, 1897, P. L. 67. To sum up the whole matter there is nothing before us to rebut the prima facie right of the appellee to have the appeal quashed.

The appeal is quashed and the record remitted to the court below.