Opinion by
Orlady, J.,
On March 11, 1907, a judgment was entered against the defendant on a note, under seal, for the sum of $250. On September 28, 1910, an execution was issued on this judgment, and on October 15, following, a petition was presented to the court for a rule to show cause why it should not be opened and the defendant be permitted to make defense thereto. Upon consideration by the court of the petition, and without an answer being filed, *328 the prayer for the rule was refused. Under the Act of April 4, 1877, P. L. 53, 2 Stewart’s Purdon, 1437, a party aggrieved by the decision of the court of common pleas in an application to have a judgment, entered by virtue of a warrant of attorney or on a judgment note opened, and the defendant let into a defense, may have the same reviewed on appeal in like manner as in proceedings in equity cases, and by the Act of May 20, 1891, P. L. 101, 2 Stewart’s Purdon, 1438, a right of appeal is given from orders opening, vacating and striking off judgments of any kind, whether entered by amicable confession or otherwise, or to the refusal to open, vacate or strike off such judgment.
There is nothing in either act which affects the discretionary power of the court below. It is an equitable proceeding addressed to its discretion. To reverse a decree entered in such a case the record should affirmatively show that the court exceeded the judicial discretion which every judge must necessarily exercise in passing primarily on controverted questions of fact, or on the sufficiency of a petition calling for equitable interference. The judge to whom the application is addressed acts as a chancellor, and the appellate courts will examine the record only to determine whether this discretion has been properly exercised, and will not reverse unless it clearly appears that there has been an abuse of such discretion: Com. v. Mellet, 196 Pa. 243; Shannon v. Castner, 21 Pa. Superior Ct. 294; Whitecar v. Knights of G. E., 18 Pa. Superior Ct. 631; Fryberger v. Motter, 24 Pa. Superior Ct. 317; Woodward v. Carson, 208 Pa. 144.
The rule to open a judgment and let a defendant into a defense is peculiar to Pennsylvania practice, and is a clear example of the system of administering equity under common-law forms. It was devised in the absence of a court of chancery, as a substitute for a bill in equity to enjoin further proceedings at law: Mitchell’s Motions and Rules, 118. The petition for such a rule should set forth clearly and specifically all the facts on which the petitioner relies to induce a chancellor to grant equitable *329 relief. Nothing should be left to inference. As stated in Cochran v. Eldridge, 49 Pa. 365, “no court of justice will set aside or even be led to look into a solemn judgment on light or trivial grounds.” The power of the court to grant or refuse such a rule is ample, and the validity of the conelusion reached depends upon the proper exercise of the sound discretion of the court, which is frequently controlled by the particular circumstances of the case rather than by any precise rule of law. The petition should present the same degree of certainty and particularity which is required in a bill in equity or in a statement in an action at law.
The facts set out in the petition presented by the defendant, are evasive and indefinite. There is no allegation of fraud, accident or mistake in the execution of the note, or in the accuracy of any of its terms. It is presented “by her agent, B. P. Swartz, ” and, while he states in the affidavit “that he is acquainted with the facts set forth in the foregoing petition, and that they are true and correct to his knowledge and belief,” he fails to state, that it is presented at her request, or on her behalf, or give any explanation for her not acting in person. The correct rule would seem to be that when a defendant puts in a stranger’s affidavit, it must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability: Phillips v. Allen, 32 Pa. Superior Ct. 356. While he stands a stranger to the record he narrates facts which so intimately associate him with the transaction as to require a more definite and specific statement of her defense to the note.
Construed in its most favorable light, the petition sets out no more than that her own counsel, with full knowledge of all the facts and acting in her interest made an agreement with the counsel of the plaintiff in regard to the disposition of certain personal property that was to be sold by the sheriff on an execution against a third party. The note in dispute was signed by her with full knowledge of *330 .all that had been done by her attorney, and it is not suggested that he failed in using reasonable business and professional judgment. The only grievance is, that subsequently, a controversy arose as to the terms of the agreement, but not as to the amount or terms of the note. The plaintiff in the note is not charged with any wrongdoing in this matter and was not a party to the succeeding dispute in regard to the agreement made by counsel, nor is it stated that it profited by it in any way.
No abuse of discretion is shown in the action of the. court refusing to grant the rule, and it is not necessary to dispose of the motion to quash on the ground that the note on which the judgment is entered contains an agreement that no appeal shall be taken, though many authorities might be cited in favor of such contention: Watson v. Wetter, 91 Pa. 385; Seagrave v. Lacy, 28 Pa. Superior Ct. 586; Jones v. Scott, 209 Pa. 177; Groll v. Gegenheimer, 147 Pa. 162; Hanscom v. Chapin, 27 Pa. Superior Ct. 546.
The judgment is affirmed.