## Maxwell *v.* Hausman, Appellant.

*Landlord and tenant—Waiver of appeal—Quashing appeal.*

An appeal from an order affirming the judgment of a magistrate will be quashed when it appears that the lease contained the waiver of a right to appeal, and it is not material that the proceeding was instituted under the Act of 1863 to recover possession of the premises instead of in an amicable action of ejectment.

Argued Nov. 18, 1918. Appeal, No. 1, Oct. T., 1918, by defendant, from judgment of C. P. Delaware Co., September T., 1917, No. 153, affirming judgment of a justice of the peace in case of William C. and Lena J. Maxwell v. W. Scott Hausman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Appeal quashed.

Certiorari to the judgment of a justice of the peace. Before JOHNSON, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*C. Oscar Beasley,* for appellant, cited: Rich v. Keyser, 54 Pa. 86; McDermott v. McIlvain, 75 Pa. 341; Graver v. Fehr, 89 Pa. 460; Hutchinson v. Potter, 11 Pa. 472; Canal Company v. Loftus, 71 Pa. 418; Foss v. Bogan, 92 Pa. 296; Dawson v. Condy, 7 S. & R. 366; Schneider v. Bates, 37 Pa. Superior Ct. 432; Rovno v. Lorentz, 32 Pa. Superior Ct. 162.

*W. Roger Fronefield,* for appellee.

OPINION BY HENDERSON, J., January 3, 1919:

This case originated in a proceeding before a justice of the peace to recover possession of premises demised to the appellant by the appellees. The complaint set forth the fact of the demise for a year for a fixed annual rent, that the term was fully ended and that notice of termination of the lease was given three months prior to the expiration of the term and that the tenant had refused to comply with such notice. The magistrate found all the averments of the complaint to be true and entered judgment in favor of the complainant. On the writ of certiorari the case was heard by the Court of Common Pleas of Delaware County, in which the exceptions were dismissed and the judgment of the magistrate affirmed. The case comes before us on appeal from that action. A preliminary motion to quash the appeal was filed based on a provision in the lease as follows: "The lessee waives all right of appeal from or writ of error or certiorari to any judgment, order or decree that may be entered against him by any court or magistrate for rent, damages, possession or otherwise." Agreements waiving the right to issue a certiorari or to take an appeal have been sus-

83, (1919).]          Opinion of the Court.

tained in numerous cases: Wynn v. Bellas, 34 Pa. 160; Cawley v. Bohan, 120 Pa. 295; Groll v. Gegenheimer, 147 Pa. 162; Segrave v. Lacy, 28 Pa. Superior Ct. 586; Rovno v. Lorentz, 32 Pa. Superior Ct. 162.

It is not material that in the case before us the proceeding is to dispossess a tenant under the Act of 1863 and that in some of the cases cited the proceeding was instituted by an amicable action of ejectment under the provisions of the lease. In either case the agreement of waiver forms the base supporting the action of the court. This case should be disposed of in accordance with the judgments entered in the cases cited.

We are the more inclined so to do after an examination of the record which brings us to the conclusion that the case was well disposed of by the learned judge of the court below in the opinion filed dismissing the exception.

The appeal is quashed.