# Isman *v.* Niederman, Appellant.

*Landlord and tenant—Amicable action of ejectment—Judgment —Opening judgment—Discretion of court.*

An application to open a judgment in ejectment, entered in accordance with a warrant of attorney contained in a lease, is an equitable proceeding addressed to the sound discretion of the court, and the decision of the lower court will not be disturbed on appeal, unless there is proof of abuse of judicial discretion.

The fact that a judgment was entered in the name of the agent, with whom a lease was made, to the use of the assignee of the original lessor, is no reason for striking off the judgment. A judgment entered in favor of the agent as lessor could not have been contested by the defendant, and it is not necessary to set out the interest of the use-plaintiff, except for his special protection.

A lessee, under a lease containing a waiver of all defects and errors in entering an amicable action of ejectment, is not in a position to raise any question as to such errors, when he has waived his right to a review of any action of the court below, in accordance with the terms of the written lease.

Argued October 20, 1919. Appeal, No. 197, Oct. T., 1919, by defendant, from order of C. P. No. 1, Phila. County, March Term, 1919, No. 4566, discharging rule to open judgment in the case of Felix Isman, Agent, to the use of Isaac Malis, v. Abraham Niederman. Before Orlady, P. J., Porter, Henderson, Head, Trexler and Keller, JJ. Affirmed.

Rule to strike off judgment and open judgment. Before Shoemaker, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellant.

*David S. Malis,* for appellee.

Opinion by Keller, J., February 28, 1920:

On May 3, 1919, judgment was entered in an amicable action of ejectment, by warrant of attorney contained in a lease, against Abraham Niederman in favor of Felix Isman, agent, to the use of Isaac Malis. The lease attached to the amicable action and confession of judgment was dated January 15, 1907, and was signed by Felix

175, (1920).]          Opinion of the Court.

Isman, agent, as lessor, and Abraham Niederman, as lessee; it was for the term of one year and three months from the first day of February, 1907. The lease contained the usual agreements for confession of judgment against the lessee in an amicable action in ejectment and for the issuance of a writ of habere facias possessionem forthwith, and also a release by the lessee to the lessor for all errors and defects whatever in entering such action or judgment or causing such writ of habere facias to be issued, and provided that no writ of error or objection or exception should be made or taken thereto. It also provided that the lease should continue upon the same terms and conditions as therein contained for the further period of one year, and so on from year to year until terminated by either party thereto giving to the other three months' written notice previous to the end of the then current term of the lease. The lease also contained the following clause: "It is understood and agreed that this lease is made subject to the approval of the owner of the demised premises, in default of which approval this lease is to become null and void and all money paid on account shall be refunded." Endorsed on the lease was the acceptance and approval under seal of Kiwa Schwartz, dated January 21st, and an assignment, not under seal, by the said Kiwa Schwartz of all her right, title and interest in the said lease, and all benefit and advantage to be derived therefrom, to Isaac Malis, his executors, administrators and assigns, dated June 3, 1910, and attested, "sealed in the presence of David S. Malis."

The averment of default attached to the amicable action, which was sworn to by Isaac Malis, set forth that the said lease had been executed by Felix Isman, as agent for Kiwa Schwartz, the owner of the leased property, and had been assigned by her to deponent at the time he acquired title to the property on June 3, 1910; that in accordance with the terms of the lease, written notice to vacate the premises at the expiration of the current

term, to wit, on April 30, 1919, had been served on the said Abraham Niederman on January 17, 1919; that notwithstanding, the said defendant had refused to vacate and remove from the said premises. On May 7, 1919, on petition of the defendant, the court of common pleas granted a rule to strike off the judgment, and at the same time, a rule to open the judgment and let the defendant into a defense. An answer was filed and depositions taken and after hearing argument the court discharged both rules. The defendant appealed.

The only reason advanced by the defendant for striking off the confession of judgment was that it was entered in favor of Felix Isman, agent, to the use of Isaac Malis.

We are not convinced that this was erroneous. The lease was taken in the name of Felix Isman, agent. The owner of the premises was not named in the body of the lease, but the acceptance or approval therein referred to was signed by Kiwa Schwartz. Under this state of facts, the judgment could not have been entered in favor of Kiwa Schwartz: Patterson v. Pyle, 1 Monaghan 351; it would have to be entered in the name of Felix Isman, agent, or Felix Isman, agent for Kiwa Schwartz: Phila. Fire Extinguisher Co. v. Brainard, 2 W. N. C. 473; and a judgment entered in favor of Felix Isman, agent, could not have been contested by the defendant: Bedford v. Kelly, 61 Pa. 491; Holt v. Martin, 51 Pa. 499; and it was not necessary to set out the interest of the use-plaintiff, except for his special protection: Peterson v. Lothrop, 34 Pa. 223, p. 226; C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399.

When the property was sold by Kiwa Schwartz, to Isaac Malis, and the lease assigned to him, he stood in her shoes, and the defendant having attorned to Malis and paid rent to him for nearly nine years, could not deny the tenancy nor raise any question as to his right to be named as use-plaintiff in the action: Rhoads v. Speers, 15 Dist. Repr. 335. Even though the judgment ought to have been entered in the name of Felix Isman,

agent for Kiwa Schwartz, to the use of Isaac Malis, it was amendable in the court below or even in this court: Adams v. Edwards, 115 Pa. 211; Penna. Co. v. Shanahan, 10 Pa. Superior Ct. 267. There is no suggestion in the record that Felix Isman, the legal plaintiff, is objecting to the action or to the use-plaintiff's right to use his name in these proceedings. Where an equitable plaintiff is not entitled to sue in his own name, the correct practice is to sue in the name of the legal plaintiff to the use of the equitable plaintiff: Partridge v. Partridge, 38 Pa. 78; and the defendant cannot object to the use of the legal plaintiff's name in such action: Saeger v. Runk, 148 Pa. 77; Insurance Co. v. Smith, 11 Pa. 120.

In any event, under the terms of this lease the appellant is not in a position to raise any question as to errors or defects in entering the amicable action or judgment. By the express terms of the lease, the lessee released all such errors and defects, as well as his right to take an appeal and if the present appeal rested only on the motion to strike off the judgment, we should be bound to grant the motion of the appellee and quash the appeal, for the defendant has waived his right to a review of any action of the court below which is based upon the written lease: Groll v. Gegenheimer, 147 Pa. 162; Seagrave v. Lacy, 28 Pa. Superior Ct. 586.

The first assignment of error, which complains of the action of the court in dismissing the rule to strike off the judgment, is overruled.

The second assignment of error, which is to the dismissal of the rule to open the judgment, stands on a somewhat different footing. The allegations of the petition in this respect are that after the receipt of the notice to vacate at the expiration of the term, the defendant saw the use-plaintiff's agent and made an arrangement with him which was afterwards confirmed by the use-plaintiff himself, under which the defendant was to retain the premises for a further period of one year or until April 30, 1920, at an increased rental. This was

denied by the use-plaintiff. But it is evident that if such a later oral lease was entered into, the provisions of the written lease both as to the notice to quit on April 30, 1919, and the waiver of the right to appeal from proceedings relative to such notice, were superseded: Peters v. Dalton, 27 Pa. Superior Ct. 285. Testimony was taken on behalf of both parties as to the alleged oral lease or renewal. The defendant testified that the agent of the plaintiff who signed the notice to vacate had agreed to such renewal at an increased rental, but he evidently realized that the consent of the use-plaintiff himself was necessary, because he averred that he went to him and secured his consent to such renewal. The use-plaintiff, on the other hand, denied that the defendant had called to see him on the day specified or at any other time, with reference to a renewal of the lease or that he had consented or agreed to any such renewal. He also denied that his agent had any power to consent to a renewal; his authority being limited to giving notice to quit. The plaintiff was corroborated in his denial of the alleged visit of the defendant, by several witnesses. The learned judge of the court below, after a review of all the testimony, was unable to find that the use-plaintiff had agreed to such renewal or that his agent had any authority to authorize such renewal, and dismissed the rule. We are not satisfied that in so doing he abused the sound discretion reposed in him: Gibson v. Vetter, 162 Pa. 26.

The Act of May 20, 1891, P. L. 101, giving the right of appeal from an order refusing to open a judgment did not take away from the court of common pleas the discretion which that court had so long exercised in the matter of opening judgments. The proceeding to open has only been turned into an equitable one to be decided in accordance with equity principles: Com. v. Mellet, 196 Pa. 243. The application to open, vacate, or strike off the judgment is an equitable proceeding addressed to the sound discretion of the court and the appellate court will only determine whether the discretion has been properly

exercised: Kelber v. Plow Co., 146 Pa. 485; Stephan v. Hudock, 4 Pa. Superior Ct. 474. A careful review of the petition and answer and the depositions taken in connection therewith, has not convinced us that the court below abused that discretion in refusing to open the judgment or that it failed to dispose of the questions raised in the petition.

The assignments of error are overruled, and the order of the court is affirmed at the costs of the appellant.