## Waldman *v.* Baer, Appellant.

*Landlord and tenant—Leases—Amicable action of ejectment—Judgment—Opening judgment.*

The fact that a judgment was entered in the name of the principal instead of the agent with whom the lease was made is no reason for striking off the judgment in ejectment, entered in accordance with the terms of the lease, especially where the instrument contained a release of errors. Nor does the name of a use-plaintiff injure the lessee.

The removal of the tenant's goods from the premises, having been made a cause for forfeiture, judgment in ejectment was properly entered on such removal. An averment that the agent had consented thereto is no reason for opening the judgment, where there is no proof of any authority in the agent to consent for the landlord, except that the former originally executed the lease and collected the rent.

Argued April 25, 1923. Appeal, No. 86, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 2203, discharging rules to strike off and open a judgment in the case of H. Waldman, for the use of Lena Gottlieb, v. Joseph Baer. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

390, (1923).] Statement of Facts—Opinion of the Court.

Rules to open and to strike off judgment. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rules. Defendant appealed.

*Error assigned* was the decree of the court.

*Harvey M. Aronson,* of *Aronson & Aronson,* for appellant.

*Frank S. Delp,* and with him *Sidney Gottlieb,* for appellee.

OPINION BY LINN, J., July 12, 1923:

This appeal has two complaints: 1, that judgment was not stricken off for apparent irregularity; 2, that it was not opened to a defense on the merits.

1. The judgment was entered pursuant to a warrant in a lease. The lease provided that "......H. Waldman by H. Windt & Company herein called lessor, hereby leases to Joseph Baer......for the term of two years commencing on the 1st day of August, 1920......" It was signed by Joseph Baer as lessee and by "H. Windt & Co. Agts." It bore a written assignment to Lena Gottlieb executed by Henry Waldman on December 31, 1921. By the terms of the lease the assignee obtained all the rights and powers enjoyed by the assignor. The authority to confess judgment against the lessee for breach of covenant was coupled with a release of all errors in its exercise. The petition to strike off was based on several grounds, but in considering that motion we need only refer to those said to show irregularity on the face of the record. The tenant contends that the judgment should not have been entered in the name of H. Waldman, but in the name of H. Windt & Co. Agents, and, in addition, that it should not have been entered to the use of Lena Gottlieb. In view of the tenant's release of

errors, we need not consider the subject (Isman v. Nie-
derman, 74 Pa. Superior Ct. 175, 179), though we have
no doubt the judgment naming H. Waldman instead of
Windt & Co. Agents as legal plaintiff was authorized by
the lease (Gleadall v. Kenney, 23 Pa. Superior Ct. 576),
and specifying a use-plaintiff did not injure defendant,
(Pennsylvania Co. v. Shanahan, 10 Pa. Superior Ct.
267).

2. We find nothing in the depositions suggesting abuse
of discretion in refusing to open the judgment.    The
breach of covenant alleged as the basis for the entry of
the amicable action in ejectment and confession of judg-
ment was that prior to the expiration of the term the
tenant "moved all the goods and chattels with the excep-
tion of a few pieces of shelving from the premises de-
scribed in said lease, thereby violating the covenants and
conditions of said lease, and thereby defaulting in the
payment of rent for the balance of the term which there-
upon became due and payable." The lease provided,
"Any removal or attempt at removal of any goods or
chattels from said premises by the tenant while any por-
tion of the rent for the full term shall be unpaid shall
be deemed a fraudulent and clandestine removal, and the
whole rent for the entire term shall fall due and be col-
lectible at once......" The removal of the goods took
place about March 2 or 3, 1922, the term not expiring
until the following September 30th.    Appellant admits
the removal of almost all the goods, but asserts that it
was done with the consent of the agent Windt & Com-
pany, and that, so permitted, it was not a breach of the
terms of the lease.

There was neither proof of express authority in the
agent to consent for the landlord, nor anything suggest-
ing such authority, save that the agent originally exe-
cuted the lease and thereafter received the rent.    As the
assignment of the lease to Gottlieb was made on De-
cember 31, 1921, Windt and Co. only collected the rent
for Gottlieb for three months prior to the removal.    Au-

390, (1923).]       Opinion of the Court.

thority from Waldman to make the lease and collect the rent and the collection of it to March 1, 1922, are not sufficient to authorize the agent to impose on his principal the effect of a waiver of the right to insist that the leasehold shall remain furnished as provided in the lease: Edmundson v. Singer Sewing Machine Co., 51 Pa. Superior Ct. 545, 548.

Judgment affirmed.