Forgeng et al., Appellants, *v.* Blank.

Argued April 29, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel E. Kratzok,* for appellants.

*George F. Lowenthal,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 26, 1936:

Judgment d. s. b. was entered by confession in a lease for $12,180 against Murray L. Blank in favor of John J. Forgeng and Bessie Kratzok, the appellants herein. The default claimed was the removal from the premises by the appellee without notice and consent of the appellants and without having paid one month's rent which was then due and all rent which would become due during the term of the lease, which expires August 31, 1940.

The lease declares that "the said Charles M. Miller is acting as agent" and that the lease is entered into between "Charles M. Miller, Agent, and Bessie Kratzok and John J. Forgeng, herinafter called lessor, of the one part, and Murray L. Blank, hereinafter called lessee." The issue is whether the judgment was properly entered in favor of Bessie Kratzok and John J. Forgeng alone, or whether the name of "Charles M. Miller, Agent" should have been included as party plaintiff in the judgment.

Upon defendant's petition, the judgment was stricken off by the court below on the ground that "in the lease the word 'lessor,' as indicated in the description of the parties, means three persons, Charles M. Miller, Agent, Bessie Kratzok and John J. Forgeng. In the warrant of attorney, it must mean the same three. However, the

judgment was entered in favor of two only, Bessie Kratzok and John J. Forgeng; it was therefore not in favor of the 'lessor' as that term is used in the warrant, is invalid on its face and must be stricken off."

We do not agree with that conclusion. The lease recites: ". . . It is distinctly understood and agreed that the said Charles M. Miller is acting as agent and shall not in any event be held personally liable to his principal or to the Lessee for the fulfillment or nonfulfillment of any of the terms of this Lease. . . ." The lease is signed:

> "Charles M. Miller Agent (seal)
> "Carl W. Miller Atty      (seal)
> "Murray L. Blank          (seal)"

After the execution of the lease is the following:

"We hereby accept and approve of the foregoing Agreement of lease made by                      in pursuance of the authority given him by

> "John J. Forgeng (seal)
> "Address
> "Bessie Kratzok (seal)
> "Address

"Witness at Signing
  "Carl W. Miller"

The lease being executed by "Charles M. Miller, Agent" and "Carl W. Miller, Atty.," (and by Murray L. Blank, admittedly the lessee), the inference is plain that the two Millers, one an "agent" and the other an "attorney," were representing the *lessors*. Then follows an "approval of the lease" signed by John J. Forgeng and Bessie Kratzok. In the absence of any averment to the contrary, one has no difficulty in reaching the conclusion that these two persons are the only lessors. In the petition to strike off the judgment there is no averment by Murray L. Blank that Charles M. Miller, Agent, had any other status than that of agent for Bessie Kratzok and John J. Forgeng. What the lessee, desirous of striking off the judgment, did not aver, we are not justified in

inferring. The natural inference is rather the other way.

In *Waldman v. Baer,* 81 Pa. Superior Ct. 390, a lease was signed by Joseph Baer as lessee and by "H. Windt & Co., Agents." It bore a written assignment to Lena Gottlieb executed by Henry Waldman. Judgment having been entered for breach of covenant, there was a motion to strike off for the reason, inter alia, that judgment should have been entered in the name of "H. Windt & Co., Agents" and in addition that it should have been entered to the use of Lena Gottlieb. The Superior Court said, in an opinion by Judge LINN: "In view of the tenant's release of errors, we need not consider the subject *(Isman v. Niederman,* 74 Pa. Superior Ct. 175, 179), though we have no doubt the judgment naming H. Waldman instead of Windt & Co., Agents, as legal plaintiff was authorized by the lease *(Gleadall v. Kenney,* 23 Pa. Superior Ct. 576), and specifying a use-plaintiff did not injure defendant, *(Pennsylvania Co. v. Shanahan,* 10 Pa. Superior Ct. 267)." In *Gleadall v. Kenney,* supra, the lease was signed as follows: "Mary Kahmer through her Agent John K. Stokley." Later for violation of the covenants, an amicable action was entered and judgment confessed against the defendant. The Superior Court said: "The entry of judgment was strictly within the term of the power. We cannot see that the validity of the judgment, or of the power pursuant to which it was entered, is affected by the fact that the lease was not signed by the lessor or her lawfully authorized agent."

The judgment of the court below is reversed.