Bernice Land Corporation *v.* Connell Anthracite
Mining Company et al., Appellants.

Argued October 2, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

[REDACTED]

*William J. Fitzgerald,* of *Kelly, Balentine, Fitzgerald & Kelly,* with him *E. J. Mullen* and *J. Hayden Oliver,* for appellants.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellee.

OPINION BY MR. JUSTICE DREW, November 23, 1936:

In 1934 the receivers of the Connell Anthracite Mining Company petitioned the Court of Common Pleas of Lackawanna County for leave to sell the greater part of its property to the Bernice Coal Company for $150,000. The Mining Company's principal asset, included in the property to be sold, was a coal lease executed by the State Line and Sullivan Railroad Company, lessor, whose rights subsequently became vested in the Bernice Land Corporation, the present plaintiff. Thereafter the latter, claiming possession of the premises by reason of breach of covenants, sought permission from the same court to maintain ejectment in Sullivan County where the coal lands were located. The receivers' petition was granted; plaintiff's was denied. On appeal therefrom, in *Meehan v. Connell Anthracite Mining Company,* 318 Pa. 481, plaintiff's petition for leave to sue was reinstated and the record remitted for further proceedings not inconsistent with that opinion. The provisions of the lease as well as the facts there stated are made a part hereof.

This is an appeal by the receivers from the judgment for plaintiff that followed institution of action in Sullivan County. Trial was without a jury. The court found that the lessee had defaulted on the covenants for payment of rent and taxes and awarded possession of

the premises to plaintiff. The defaults are not disputed. Defendants do claim, however, that the lease should not have been forfeited and that they should be permitted to pay the amounts found due within a reasonable time. This contention is based upon our statement in the *Meehan* case, supra, at page 489, that "ejectment, in cases like the present, is, in effect, an equitable ejectment, and if, in an appropriate proceeding, delay in payment is the only basis of the lessor's complaint, the verdict may be entered for plaintiff 'to be released on payment of the unpaid installments within such [reasonable] time as, in equity, the contract and circumstances require': *Jones v. Scott,* 209 Pa. 177, 181."

The court below correctly concluded that this rule was not here applicable because the breaches of covenant complained of resulted in more than mere delay in the making of the required payments. It decided that the voluntary receivership was tantamount to an assignment for the benefit of creditors, specified in the lease as ground for forfeiture. It further found that the lessee was insolvent, in violation of the covenant contained in the lease. It also concluded that the appointment of receivers in a voluntary proceeding was equivalent to placing control of the demised premises in the hands of other than the lessee without the lessor's consent, likewise enumerated as reason for forfeiture. In our view of the matter, consideration of the first and third conclusions is unnecessary. The evidence amply demonstrated the insolvency of the lessee. Its admitted liabilities at the time of the lessor's notice of forfeiture, in November, 1933, totaled $267,793.39. Appellants insist, however, that the then net value of the corporate assets was $282,-338.56, this figure including the coal lease here in question at a valuation of $225,000. This latter estimate was attacked by admission in evidence of the receivers' petition for sale of the assets submitted to the Common Pleas Court of Lackawanna County in 1934. In that petition the present appellants asserted that an offer of

$150,000 for the property to be sold, including assets in addition to the lease here in question, should be approved. They further declared that the bid "was a fair one and that it [was] to the advantage of all concerned in the Receivership that said bid be accepted." This was undoubtedly admissible as evidence of value. It indicated that the receivers had been unable to secure a more favorable offer. It is manifest that the appraised valuation of $225,000 was excessive. The property was not worth more than $150,000. Furthermore, rents and taxes were years in arrears. Clearly, the corporate lessee was insolvent. Delay in these payments has not been the sole result of that insolvency. The fact is that the lessee is no longer able to operate the property in accordance with the provisions of the lease. In the light of the facts revealed in the record the judgment of the court below was fully warranted.

The judgment is affirmed.