Opinion by
 

 Keller, P. J.,
 

 We need not pass upon the question whether the court below was right in its reason for discharging the rule granted in this case, viz., that in the lease for the premises involved the lessee had waived the right of appeal. Nor need we discuss whether the authority of the ruling of this court in
 
 Maxwell v. Hausman, 71
 
 Pa. Superior Ct. 83, relied on by the lower court, has been weakened by the later decision of the Supreme Court in
 
 Curry v. Bacharach Quality Shops, Inc.,
 
 271 Pa. 364, 373, 117 A. 435, and the cases following it. See, inter alia,
 
 Markeim-Chalmers-Ludington v. Mead,
 
 140 Pa. Superior Ct. 480, 495, 14 A. 2d 152. For we are of opinion that the action of the court was justified on the merits, and that it was incumbent on the appellant, in order to appeal from the judgment of the magistrate —ordering that the leased premises be delivered up to the lessor — and prevent the issuance of a writ of possession, to “give good, sufficient and absolute security by recognizance,” within five days after the rendition of the judgment, “for all costs that may have and may accrue, in case the judgment shall be affirmed, and also for all rent .that has accrued, or may accrue, up to the time of final judgment” (Act of April 3, 1830, P. L. 187, 68 PS §392). See
 
 Haines v. Levin,
 
 51 Pa. 412, 414.
 

 As the testimony at the hearing showed that rent was due and in arrears at that time by the appellant in the amount of $601.70, under a lease calling for the payment of $20 per month in advance, the magistrate had no authority to accept a bond or recognizance on appeal in the amount of $246.65; and whether that amount
 
 *474
 
 was preliminarily suggested by the magistrate bimself, —as averred by appellant, — or by his clerk — as averred by appellee — under the mistaken impression that the recognizance need only secure the rent to accrue in the future, the act of assembly provided otherwise and the magistrate could not legally approve a bond in that amount. Nor could the court below in this proceeding order the magistrate to approve a bond or recognizance contrary to the provisions of the act; or order him to certify an appeal to the court of common pleas, unless a recognizance, with good, sufficient and absolute security for all costs accrued and to accrue and also for
 
 all rent that had accrued and might accrue
 
 up to the time of final judgment on the appeal, had been entered, or tendered, by the appellant.
 

 The appeal is dismissed at the costs of the appellant.