## Hogue v. Hogue

*James L. Hogan*, for petitioner.
*Holt, West & Holt*, for respondent.

McCreary, P. J., November 13, 1947.—On August 22, 1942, above-named plaintiff caused a judgment to

be entered against above-named defendant in default of appearance and affidavit of defense. The suit was on a judgment note executed and delivered by defendant's decedent in her lifetime, the same being dated August 21, 1935, and being a note under seal. Suit was commenced on the note, after the death of decedent, on August 26, 1936, and on the same day service of the statement of claim, together with a copy thereof, was accepted by defendant as executor of Eliza Ann Hogue, alias Eliza Ann Hoge. No summons was ever issued and no endorsement appears on the back of the statement of claim as required by section 10 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §392.

When judgment was entered by default on August 12, 1942, plaintiff made no effort to comply with Rule 211 of the Common Pleas Rules of Beaver County, which rule reads as follows:

"No judgment by default shall be entered after three months from the date of the default without ten days notice to the party in default, or his attorney of record, in which case a copy of the notice with an affidavit of the service thereof shall be filed with the praecipe for judgment."

On October 9, 1947, defendant, by his counsel, presented a petition to the Court of Common Pleas of Beaver County praying that the default judgment be opened for the purpose of enabling defendant to defend against the statement of claim, setting forth, among other things, as reasons in support of the motion (1) that the note was without consideration, past or present; (2) that at the time the note was executed decedent was 85 years of age and had been bedfast for several days, extremely weak in both mind and body, and was in the throes of death at the time of executing and delivering the note, and did actually die three days after the execution and delivery; (3) that the said Fred Hogue, a son of decedent, obtained the note from decedent by undue influence, he at the time occupying

a confidential relationship to decedent; (4) that petitioner did not know of the entry of the default judgment until a writ of scire facias, at no. 256, September term, 1947, issued August 18, 1947, commanding him to show cause why the judgment should not be revived, was served upon him; and (5) he complains that the statement of claim did not have endorsed thereon a notice to him to file an affidavit of defense within 15 days from the service thereof on him, as required by section 10 of the Practice Act, and that plaintiff failed to comply with Rule 211 of the Common Pleas Rules of Beaver County.

Instead of signing an order directing that a rule to show cause be issued, we ordered the case placed upon the argument list for the purpose of having counsel for plaintiff and defendant argue solely the question as to whether a rule should issue. The court of common pleas in the exercise of a sound discretion may refuse a rule to open a judgment upon consideration of a petition for the rule, without answer filed: International Harvester Company of America v. Miller, 51 Pa. Superior Ct. 324. If the only allegation in the petition to open had been that the note was without consideration, we would refuse to authorize the issuance of a rule to show cause, because want of consideration is no defense to an instrument under seal: Shinn et al. v. Stemler, 158 Pa. Superior Ct. 350. Such an allegation would present to the court only a proposition of law which the court would be compelled to decide adversely to petitioner. However, a reading of the other allegations in the petition present a factual situation which, if supported by depositions, might raise an issue which ought to be submitted to a jury. We have therefore concluded that petitioner is entitled to show, if he can, the truth of the allegations set forth in his petition for a rule by depositions, and he is entitled to have the rule issued at the present time.

We therefore make the following

*Order*

Now, November 13, 1947, after argument by counsel for plaintiff and defendant, a rule is granted on plaintiff to show cause why the judgment entered at the above stated number and term should not be opened and petitioner let into a defense, rule returnable to the first Monday of December 1947; the lien of the judgment to remain, but execution thereon to be stayed pending disposition of the rule, plaintiff in the meantime to be given leave to file a responsive answer to the allegations set forth in the petition.