## Smith *versus* Pringle.

A confession of judgment in a lease for a term certain has reference to the rent for that particular term only, and does not authorize the entry of judgment for rent accruing after the expiration of the term certain where the tenant has held over.

April 10th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term 1881, No. 150.

On May 18th 1877 one A. J. Pringle entered a judgment against Marcus Smith in the sum of $450 upon a confession of judgment contained in a lease of certain premises executed by Pringle to Smith. Smith subsequently obtained a rule to show cause why the judgment should not be opened and he let into a defence, which rule was afterwards made absolute.

On the trial of the case, the following facts appeared: —The lease containing the warrant of attorney in question was executed on February 6th 1875, the term to begin on April 1st next ensuing and to terminate on April 1st, 1876. The yearly rental fixed was $450. The following was the clause in the lease by virtue of which the judgment was entered:—

"Said Marcus Smith hereby confesses judgment for the full sum of four hundred and fifty dollars, with interest, cost of suit and attorney fee, waiving the right of appeal and inquisition, also waiving appraisement, and confessing condemnation on real estate."

Smith took possession of the premises and paid the rent in full up to April 1st 1876. He held over after that date, but failed to pay any rent.

The present judgment was then entered.

Defendant requested the court to charge, inter alia, as follows:

2. That if the jury believe, under the testimony, that the rent for the year ending April 1st 1876, was paid by the defendant to the plaintiff, in full, before the entry of judgment upon the lease, then the verdict of the jury should be for the defendant.

3. That the holding over by the defendant, under the circumstances of this case, did not extend the life of the judgment in the case.

The court refused both points. Verdict and judgment for plaintiff. Defendant thereupon took this writ, assigning for error, inter alia, the refusal of the above points.

*Charles D. Foster*, for plaintiff in error.—The lease in this case contains no provision for a holding over, or continuing of

the term, but provides definitely that the term shall be fully completed and ended at the expiration of one year from April 1st 1875 ; so there could be no holding over by virtue of the lease.

Even if there was a holding over, the confession of judgment was not a continuing security for rent accruing after the expiration of the original term: Laguerenne *v.* Dougherty, 11 Casey 45 ; Wilgus *v.* Whitehead, 8 Norris 131 ; Petroleum Co. *v.* Logan, 6 W. N. C. 502.

*George K. Powell* and *George B. Kulp*, for the defendant in error.—When the plaintiff in error held over, he became bound for a second year by all the terms of the original lease. Among these was included the confession of judgment, which was not made specially applicable to the rent of any particular year.

Chief Justice SHARSWOOD delivered the opinion of the court, April 24th 1882.

The judgment in this case was entered under the power contained in the lease by Pringle to Smith, for one year from April 1st 1875, at the rent of $450. The judgment was confessed for the full sum of $450, evidently to secure the payment of that rent. There is nothing to extend it as security beyond that amount. The renewal of the lease by the tenant continuing in possession, clearly would not do so. When, therefore, the rent for the term of the lease was paid, the judgment was paid. The implied renewal of the lease could not revive the judgment, once extinguished and dead. That the plaintiff might have recovered the rent accruing subsequently, was nothing to the purpose. The second and third points of the defendant ought to have been affirmed without qualification.

Judgment reversed, and venire facias de novo.