# George A. Bush and Adela Bush *v.* J. H. Frutchey, Appellant.

*Landlord and tenant—Amicable action of ejectment—Continuation of tenant in possession after expiration of lease—Opening judgment in ejectment.*

A judgment entered pursuant to a warrant of attorney in an amicable action of ejectment will not be opened where the ejectment is confessed in strict accordance with the terms of the written lease, and there has been no act on the part of the lessor which could be construed as an extension of the term of the lease.

The application to open a judgment is in the nature of an equitable proceeding, and will not be disturbed unless there has been an apparent abuse of discretion on the part of the court below.

Submitted March 4, 1924. Appeal, No. 34, Feb. T., 1924, by defendant, from the order of Lackawanna Co., June T., 1923, No. 475, discharging rule to open judgment in the case of George A. Bush and Adela Bush v. J. H. Frutchey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

An amicable confession of judgment in ejectment entered pursuant to the terms of a written lease. Before EDWARDS, P. J.

Rule to open judgment.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Charles H. Soper,* for appellant.

*E. C. Amerman* and *Fred A. Hughes,* for appellees.

OPINION BY TREXLER, J., April 21, 1924:

The plaintiffs executed a written lease to the defendant for a dwelling house for the term of one month. The

lease contained the following covenants: "It is agreed that if the lessee (with the written consent of the lessor) shall continue in possession after said term, the agreement shall be immediately for another like term," "It is understood that this lease shall not be extended after the term is expired." Each of these clauses express the same thought, that the lease shall not be extended after the term has expired unless with the written consent of the lessor.

The defendant continued in possession after the month had expired. Judgment was then entered on the warrant contained in the lease and a writ of possession issued. There was then an application to open the judgment which the court refused to grant. There are two grounds of defense: 1st—That there was a verbal understanding between the parties, that if the lessee continued to pay $40 per month, he could remain on the premises. There is no allegation that the written consent of the lessors was obtained as provided by the lease. It was, therefore, the function of the court below to weigh the contradictory testimony in the light of the terms of the lease and to decide whether the oral testimony was such as in the exercise of a sound discretion warranted the court to submit the matter to a jury. 2d —That the lessors had accepted checks in payment of rent for subsequent months. There was testimony to show that the lessors, upon the receipt of the checks, handed them to their attorney and the checks were never cashed and the defendant informed that they would never be used. This, we think, was sufficient to show that there was no payment or accepting of rent after the expiration of the term. The application to open a judgment is in the nature of an equitable proceeding demanding the exercise of sound discretion on the part of the court, Krall v. Lebanon Valley Savings & Loan Assn., 277 Pa. 440; Isman v. Niederman, 74 Pa. Superior Ct. 175. We are convinced that the testimony submitted fully supported the action of the court in concluding that

the lessee was not relieved by any word or action of the lessors from the conditions imposed by the lease and that the judgment of amicable ejectment was properly entered.

The assignment of error is overruled and the order of the court below is affirmed.