## Gold et al. *v.* Fox Film Corporation, Appellant.

*Appeals—Statement of questions involved.*

1. This court will consider only questions specified in or to be implied from appellant's statement of questions involved.

*Judgment—Confession—Striking off—Specifications of default —Sworn statement.*

2. On the hearing of a rule to strike off an amicable action and confession of judgment, entered by virtue of a written power of attorney signed by defendant, the relevant averments, appearing in the sworn statement specifying the default, must be taken as true.

*Landlord and tenant—Lease—Notice—Termination of lease— Power to confess judgment—Judgment.*

3. Where a lease specifies a given time during which it shall be operative in any event, and that it shall continue from year to year, on the same terms and conditions, until three months' notice is given of an intention to determine it, the terms and conditions of the lease are applicable not only to the specified time, but also to all continuances thereof because of a failure to give the three months' notice to terminate.

4. Under such circumstances, where the lease contains a power of attorney to confess judgment, such power continues in force until the expiration of the time specified in the notice.

Argued April 19, 1927.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 153, Jan. T., 1927, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1926, No. 13275, discharging rule to strike off judgment, in case of Jacob N. Gold et al. v. Fox Film Corporation.    Affirmed.

Rule to strike off confessed judgment.    Before STERN, J.

The opinion of the Supreme Court states the facts.

Rule discharged.    Defendant appealed.

*Error assigned,* inter alia, was the action of the court.

*Roy M. Livingston,* for appellant.—The lease was made for a term certain and not for a "continuing" term: Lane v. Nelson, 167 Pa. 602; Rich v. Keyser, 54 Pa. 86.

The judgment was confessed without authority: Stiles v. Himmelwright, 16 Pa. Superior Ct. 649; Smith v. Pringle, 100 Pa. 275; Hughs v. Lillibridge, 8 Pa. Dist. R. 358; Bitzer v. Witmer, 17 Pa. Dist. R. 438; Agricultural Trust Co. v. Brubaker, 73 Pa. Superior Ct. 468; Fogerty v. Dix, 75 Pa. Superior Ct. 214.

*William Potter Davis, Jr.,* for appellee.—The lease was in effect at the time of the entry of judgment: Gardiner v. Bair, 10 Pa. Superior Ct. 74; Stiles v. Himmelwright, 16 Pa. Superior Ct. 649; Wilcox v. Iron & Steel Co., 147 Pa. 540.

The right to enter judgment in an amicable action under the lease agreement continued beyond the original term of the lease: Bitzer v. Witmer, 17 Pa. Dist. R. 438; Ashhurst v. Phonograph Co., 166 Pa. 357.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1927:

Defendant appeals from an order of the court below, discharging its rule to strike off a confessed judgment for rent claimed to be due, which confession was alleged to have been entered by virtue of authority contained in a lease from plaintiffs to defendant. The decision below is right.

The lease specifies that it is "for the term of six years ......[and] that either party hereto may determine this lease at the end of said term by giving written notice thereof at least three months prior thereto, but in default of such notice, this lease shall continue, upon the same terms and conditions as herein contained......for a further period of one year, and so on from year to year, until terminated by either party hereto giving the other three months written notice for removal previous to the expiration of the then current term......Lessee hereby empowers any attorney of any court to appear for lessee in any and all actions to be brought for any arrears of rent or rent herein treated as if in arrear......which may at any time fall due......and to sign for lessee an agreement for entering in any competent court an amicable action or actions for the recovery of such arrears of rent or rent herein treated as if in arrear...... and further, in said suits or in said amicable action or actions any attorney is hereby authorized to confess judgment against lessee for all arrears of rent or rent herein treated as if in arrear......which may at any time fall due or become due under this lease."

It is alleged in the sworn statement accompanying the amicable action and confession of judgment, that defendant did not give the notice specified in order to determine the lease at the end of the six years, and that the amount of rent for the seventh year, for which judgment was entered, was due and owing by defendant to plaintiffs at the time the judgment was entered. For the purposes of the present proceeding, these averments must be taken as true.

The statement of questions involved, which, under our rules, limits the points we are required to consider (Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Kennedy v. Rothrock Co., Inc., 261 Pa. 580) asks us to decide only whether it was "error for the lower court to discharge a rule to strike off a judgment confessed against the lessee for one year's accelerated rent accruing after the expiration of the term certain [i. e., the six years] and alleged to be due because of lessee's alleged failure to give such notice?" Upon this point we cannot do better than quote from the opinion of the learned president judge of the court below:

"Defendant cites cases based upon Smith v. Pringle, 100 Pa. 275, to the effect that a confession of judgment in a lease for a term certain has reference to the rent for that particular term only; and does not authorize the entry of judgment for rent accruing after the expiration of the term certain where the tenant has held over. But that authority, and those that follow it, clearly apply only to cases where the term of the lease definitely expires, and the tenant holds over, not in accordance with any provision of the lease, but under a new implied agreement resulting from such holding over. In the present case, the lease itself provides that, unless either party gives three months' written notice, the lease is to 'continue' upon the same terms and conditions as therein contained for a further period of one year. In other words, the lease provides not for a definite fixed term of six years, but for a longer term, which is to continue until one of the parties takes affirmative action and determines the lease by giving the prescribed notice to that effect. The lease further provides that any attorney may appear for lessee 'in any and all actions to be brought for any arrears of rent,' and that in said actions any attorney is authorized to confess judgment for all arrears of rent 'which may at any time fall due or become due under this lease.' Thus it is seen that not only is the term of the lease a 'continuing' one, but that the power

to enter judgment is expressly given in the case of rent falling due at any time under the lease.  This is quite different from the case of a lease which has ended and where it is attempted to enter judgment on a tenancy which results from a holding over and not under the lease itself."

The order of the court below is affirmed, without prejudice to defendant's right to apply for a rule to open the judgment.