## Thompson v. Carns, Appellant.

*Landlord and tenant—Lease—Judgment for non-payment of rent—Termination of lease—Judgments—Opening—Warrant of attorney.*

On a petition to open a judgment entered pursuant to a warrant of attorney in a lease the evidence established that the lease, originally for fourteen months, had been renewed, by written endorsement upon it, for another year. The lessor testified that thereafter it was renewed orally, before its expiration, for one year. The lease further provided that its terms should not be changed except by writing signed by all the parties and that a holding over should be deemed a renewal for another term, continuing the identical provisions of the original lease.

Under such circumstances the finding that there was a renewal of the lease and not a new oral lease superseding the original was supported by the evidence, and the refusal to open the judgment was a proper exercise of the court's discretion.

The rule that a confession of judgment in a lease for a term certain has reference to the rent for that particular term only and does not authorize the entry of judgment for rent accruing after the expiration of the term certain where the tenant has held over,

applies only to cases where the term of the lease definitely expires, and the tenant holds over not in accordance with any provisions of the lease, but under a new implied agreement resulting from such holding over.

Submitted April 10, 1928. Appeal No. 113, April T., 1928, by defendant from decree and order of C. P., Clarion County, No. 57, May T., 1927, in the case of B. W. Thompson v. A. P. Carns. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Petition to open judgment confessed under a warrant of attorney contained in a lease. Before Harvey, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the refusal to open judgment.

*Samuel Wilson* and *George F. Whitmer,* for appellant, cited: McBrier v. Marshall, 126 Pa. 390; Jones v. Kroll, 116 Pa. 85; Phillips v. Monges, 4 Whart. 226; Hughs v. Lillibridge, 8 Pa. D. R. 358.

*A. A. Geary* and *H. M. Rimer,* for appellee, cited: Waldman v. Baer, 81 Pa. Superior Ct. 390; Bush v. Frutchey, 83 Pa. Superior Ct. 208; Hood v. Drysdale, 27 Pa. Superior Ct. 540.

Opinion by Trexler, J., July 12, 1928:

B. W. Thompson, the plaintiff, leased unto Carns and Reed, certain premises for fourteen months to the first day of April, 1924. Reed, having retired from the business on March 31, 1924, by writing endorsed upon the lease, it was agreed that the lease should continue in force for one year at the same rent and

upon all the conditions and terms endorsed in the lease. This extended the lease to April 1, 1925.

According to the testimony of the lessor, the lease was renewed verbally, before its expiration, for one year and again for the following year, thus extending it to April 1, 1927.

The lease contained a warrant providing for the entry of judgment in ejectment upon breach of the covenants or termination of the lease and waiving all irregularities. On April 2, 1927, judgment was entered by virtue of said warrant alleging termination of the lease and rent due and unpaid for the month of March, 1927. The defendant then made an application for the opening of the judgment and the court after hearing, refused to open it and from that order the present appeal is taken.

The lease contains the clause: "It is further agreed that the terms and conditions of this agreement and lease shall in no way be changed or altered except by a writing signed by all of the parties hereto; and if the said party of the second part shall continue in possession of the said premises after the expiration of said terms, at the option of the said party of the first part such holding over may be held and deemed a renewal of this agreement for another like term, the same as though a new agreement of leasing, identical with this, had been executed and delivered by the said parties hereto for a succeeding term."

It would seem to be clear that under the terms of the lease, judgment could be entered either by reason of the fact that there was rent due and unpaid on March 1, 1927, or because of the expiration of the lease. In order to sustain his position, the defendant must show that the holding over was an independent contract entirely apart from the original lease and that therefore the warrant of attorney contained therein died with the lease.

The court, after hearing the testimony presented by each side, decided that the tenant continued in possession under the original lease, that the renewal of it from year to year carried with it under its express provisions all the rights and privileges afforded the landlord in the original lease and that the warrant of attorney authorizing judgment, applied as well to the renewals from year to year as to the original agreement.

Application to open the judgment is in the nature of an equitable proceeding, demanding the exercise of sound discretion on the part of the court. Bush v. J. H. Frutchey, 83 Pa. Superior Ct. 208; Isman v. Niederman, 74 Pa. Superior Ct. 175. The court, in the exercise of its discretion, after hearing concluded that there was a renewal of this lease and that there was no oral lease between the parties which superseded the original lease. Smith v. Pringle, 100 Pa. 275, decided that "a confession of judgment in a lease for a term certain has reference to the rent for that particular term only; and does not authorize the entry of judgment for rent accruing after the expiration of the term certain where the tenant has held over;" but as stated by Justice SIMPSON in Gold v. Fox Film Corp., 289 Pa. 429, "that authority, and those that follow it, clearly apply only to cases where the term of the lease definitely expires, and the tenant holds over, not in accordance with any provision of the lease, but under a new implied agreement resulting from such holding over."

The order of the court, discharging the rule to open, is affirmed.