## DeLong Hook and Eye Company *v.* Vogue Silk Hosiery Company, Appellant.

Argued November 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*George J. Edwards, Jr.,* for appellant, cited: McIntire v. Wing et al., 113 Pa. 67; Skillman v. Magill, 98 Pa. Superior Ct. 72; Sautter et ux. v. Rowland, 285 Pa. 212.

*Franklin E. Barr,* and with him *C. Berkeley Taylor,* for appellee, cited: Phillips v. Meily, 106 Pa. 536; Fidelity Trust Co. v. Kohn, 27 Pa. Superior Ct. 374.

OPINION BY STADTFELD, J., March 3, 1933:

This is an appeal by defendant from the refusal of the court below to open a judgment entered by lessor under a lease by amicable action in ejectment and for the amount of rent alleged to be due under the terms of the lease, including the acceleration of the rent to the end of the term as therein provided.

The petition set forth that on June 24, 1931, plaintiff entered judgment by confession in an amicable action of ejectment to recover possession of demised premises, pursuant to provisions contained in a written agreement of lease between plaintiff and defendants. At the same time and in the same action, plaintiff caused to be entered against defendants, a judgment by confession in the sum of $4,583.34, being the aggregate amount of the monthly installments or rent mentioned in said agreement of lease, to-wit, $416.67 each for the period from May 1, 1931, to March 31, 1932, the end of the term provided in said lease. The default averred was that the defendants had failed to pay rent provided in the lease for the months of May and June, 1931.

On July 7, 1931, the damages were assessed on account of original amount as due to July 1, 1931, at $1,317.50.

The premises occupied by defendants under the lease were a portion of the fourth floor of a large building occupied partially by the plaintiff for its own business purposes, the remainder being rented to various tenants.

The petition averred that the plaintiff by its President, Mr. J. O'Brien, on or about January 27, 1931, verbally requested defendants to vacate the premises

described in the lease as speedily as possible as plaintiff desired to make other disposition of the same; that in pursuance of said request defendants vacated said premises and surrendered possession of the same to plaintiff on or about April 9, 1931, and delivered to plaintiff the keys thereto. The petition further averred that the defendants had on or about April 14, 1931, paid the full amount of rent reserved in said lease to April 30, 1931; that prior to defendants' surrender of the premises, plaintiff had decided to use the demised premises for the conduct of its own business upon securing surrender thereof by defendants and that it was for this reason that plaintiff desired defendant to surrender the same.

The petition recited the averment contained in plaintiff's confession of judgment, to the effect that the lease had ceased and determined by reason of the non-payment by defendants of the rent for May and June, 1931, which ceasing and determination plaintiff expressly declared and averred.

The petition averred that by electing to terminate said agreement of lease, and by entering said judgment in ejectment, plaintiff lost any right which it might have had to charge defendants with liability for payment of rent for the balance of the term, forfeiture of which plaintiff had declared and proceeded to enforce.

Plaintiff filed an answer denying that it was a party to any cancellation of the lease; denied that it had accepted surrender of the lease; denied the inference claimed by defendants by reason of the entry of judgment in ejectment as to the liability for payment of rent for the balance of the term.

Depositions were taken in which each side substantially testified to the averments respectively set forth in the petition and answer.

The court, in an opinion by MacNeille, J., on June

27, 1932, discharged the rule. The court based its action on the ground that it. was an attempt to set aside a written instrument under seal by oral testimony. In this we think the court erred in applying a wrong standard. It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And. this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations, where the effort is not to contradict the terms of a written contract, but merely to show a subsequent modification, or waiver of something provided for in the contract. While the burden is upon the party asserting the change, all that is required is that the evidence in support of the claim should be convincing to the jury. Holloway v. Frick, 149 Pa. 178; Germantown Dairy Co. v. McCallum, 223 Pa. 554; Himeles v. Rose, 84 Pa. Superior Ct. 363.

Under the pleadings and the depositions, a question of fact as to the surrender of the lease was raised which should be submitted to the determination of a jury.

At the same time that plaintiff caused judgment in ejectment to be entered against defendants, averring termination of the lease, it caused judgment to be entered against defendants for the balance of rent accruing to the end of the term, by virtue of the acceleration clause in the lease for default in payment of prior installments of rent. Having elected to terminate the term, the lessor can not also enter judgment for the rent for the balance of the term which accrued after the judgment in ejectment but became sooner payable under an acceleration clause. Greco v. Woodlawn Furniture Co., 99 Pa. Superior Ct. 290. As said by our Brother KELLER, in said case, p. 292: "The landlord may cumulate remedies provided in

the lease (Purvis v. Dempsey, 238 Pa. 173; Murphy v. Marshall, 179 Pa. 516), but he may not avail himself of double remedies in so far as they are conflicting or antagonistic. He can eject the tenant and at the same time enter judgment for the rent accrued when the tenant was evicted. Murphy v. Marshall, supra; but he can not recover both the possession and the rent for the balance of term: Grakelow v. Kidder, 95 Pa. Superior Ct. 250.'' To same effect, Elliott v. Douglass, 104 Pa. Superior Ct. 399.

If there was a surrender of possession by defendants and an acceptance by plaintiff, there was no liability for rent thereafter. If there was no surrender and acceptance as aforesaid, then defendants would be liable for rent accruing up until the time of determination of the lease by the entry of judgment in ejectment in this case, but not for rent subsequently accruing.

The damages in this case were assessed on July 7, 1931, in the sum of $1,317.50. The rule to open judgment and stay proceedings was not discharged until after the termination of the lease. Under our view of the case as expressed supra, there can be no liability for rent as such over and above said amount. The motion to quash is therefore overruled.

The assignments of error are sustained. The order discharging the rule to open the judgment is reversed; the rule is reinstated and the record remitted for further proceedings not inconsistent with this opinion.