## Clair, to use, Appellant, v. Doherty et al.

Submitted April 25, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Eli Louis Cooper,* for appellant.

*W. Logan MacCoy,* of *MacCoy, Brittain, Evans & Lewis,* for appellees.

OPINION BY MR. JUSTICE LINN, May 27, 1935:

This appeal was submitted without oral argument. The statement of question involved as presented by appellant (and which limits our review: Gold v. Fox Film Corp., 289 Pa. 429, 432, 137 A. 605) is as follows: "Did the defendant establish, in law, its right to recover so that the court below was justified in ordering a directed verdict in favor of the defendant?"

Plaintiff's claim was admitted, and his complaint here is that the learned trial judge gave binding instructions against him on two of defendant's counterclaims. Defendant claimed a sum much in excess of plaintiff's claim on the ground that plaintiff had purchased from defendant certain securities and had not paid for them. The amount of the damages allowed is not in dispute. Plaintiff's position was that he was defendant's agent and that, as his purchasers had declined to take delivery, he was not liable to. the defendant. The evidence of purchase and sale was documentary, complete in itself, and necessarily to be construed by the court. While the parties were of course competent to make a contract of agency, such as plaintiff now suggests, the fact is that the deben-

158

ture transaction evidenced by the writings construed by the court was an out and out sale to the plaintiff and was so regarded by him in his confirmations sent to the defendant and in his correspondence, in evidence, on the subject; and, in the stock transactions, it as clearly appears that plaintiff agreed to be liable to the defendant for stock ordered, whether for himself or others.

Judgments affirmed.