## Maricic v. Slesser et al.

*R. D. Walker* and *Carl B. Shelley*, for plaintiff.
*Herbert O. Schaeffer*, for defendants.

WOODSIDE, J., February 2, 1942.—This comes before us on a rule to strike off a judgment entered by virtue of a power of attorney contained in a lease, which power defendants contend was exhausted by previous use.

A written lease for a dwelling house was executed by plaintiff as lessor, and defendants as lessees, for a period of one month, rent in the amount of $20 to be paid "each and every month in advance (regular)."

The lease contained, inter alia, a provision that:

"The prothonotary or any attorney of any court of record of Pennsylvania is hereby authorized to appear for and to confess a judgment against the said party of the second part and in favor of the said party of the first part for the whole amount of said rent as hereinbefore set forth."

The lease also contained the following provision:

"It is further agreed that the terms and conditions of this agreement and lease shall in no way be changed or altered except by a writing signed by all of the parties hereto; and if the said party of the second part shall continue in possession of the said premises after the expiration of said term, at the option of the said

party of the first part such holding over may be held and deemed a renewal of this agreement for another like term, the same as though a new agreement of leasing, identical with this, had been executed and delivered by the said parties hereto for a succeeding term."

On May 6, 1940, defendants having defaulted in the payment of rent for a period of five months, judgment was confessed against them and entered to no. 313, March term, 1941, and a writ of fieri facias issued the same day for the purpose of collecting said judgment.

On or about June 2, 1941, by an oral agreement between plaintiff and defendants, the writ was stayed, the parties agreeing that the rent for which judgment had been confessed would be paid, together with the cost of the proceedings, and that defendants would continue to pay rent according to the terms of the written lease.

By October 1, 1941, the judgment, and costs incidental thereto, had been paid in full, but not the rent, and on October 21, 1941, judgment was again confessed against defendant to no. 248, September term, 1941, for five months' rent, by filing a copy of the lease, the original of which had been filed to no. 313, March term, 1941.

A rule was then filed to strike off the second judgment for the reason that the power to confess had been once exercised, and therefore exhausted.

For over a century it has been settled law in Pennsylvania that a power to confess a judgment authorized by a warrant of attorney is exhausted by entering a judgment thereon, and that a subsequent judgment entered on the same warrant of attorney should be stricken off: Livezly v. Pennock, 2 Browne (Pa.) 321 (1813) ; Mars National Bank v. Hughes, 243 Pa. 223.

This is admitted by plaintiff, but he contends the above-quoted provision of the lease relating to the holding over, along with the oral agreement of the parties on or about June 2, 1941, amounted to the execution of

a new power of attorney by defendants, and that the second judgment was entered upon the new power of attorney.

It is well settled that a warrant of attorney by virtue of which a summary judgment is entered should be strictly construed against the party in whose favor it is given: Baldwin et al. v. American Motor Sales Co., 309 Pa. 275, 277, and cases there cited.

The strict application of the rule preventing the entry of a second judgment on a power of attorney has been uniformly followed by the courts in spite of numerous efforts to distinguish particular cases and take them without the general rule.

It was first thought possible to enter two judgments on the same power of attorney if they were entered in different counties, but the courts uniformly struck off the second judgments, holding that the power had been exhausted by the entry of the first: Livezly v. Pennock, supra; Martin v. Rex, 6 S. & R. 296; Neff et al. v. Barr, 14 S. & R. 166; Ely v. Karmany, 23 Pa. 314.

It was then contended that if a judgment was entered on a power of attorney prematurely, or without filing a formal confession, or without filing a declaration, and for any of these reasons was stricken off as irregular, it did not amount to a use of the power and that a judgment could be subsequently entered which would be valid, but the courts always held the entry of the first judgment, even though irregular and stricken off, had exhausted the power: Osterhout v. Briggs, 37 Pa. Superior Ct. 169; Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, 208 Pa. 645; S. Jacobs & Son v. Busedu, 95 Pa. Superior Ct. 132; Commonwealth v. Massi, 225 Pa. 548; Bellevue Borough v. Hallett, 234 Pa. 191.

It is true that where the tenant holds over in accordance with a provision of the lease and not merely under an implied agreement resulting from such holding over the power of attorney contained in the lease will allow the entry of a judgment for rent accruing after the expiration of the original term: Thompson v. Carns,

93 Pa. Superior Ct. 575; Gold et al. v. Fox Film Corp. 289 Pa. 429; Goldman, to use of Stein, v. Novek, 24 Dist. R. 81.

But it does not follow that if the power of attorney is exercised by the entry of a judgment the power will again exist for the entry of a second judgment.

Another set of facts to which it was contended that the general rule did not apply is to be found in Heeren v. Remington, 47 Pa. Superior Ct. 437. There a lease provided for a rental of $20,000 for a term of five years, payable in quarterly installments of $1,000 each, and provided that in case of default the unpaid rent for the entire term should become due and payable. The lease also contained a power of attorney to confess judgment "for the amount due." Defendant being in default of two quarters' rent, judgment was confessed against him for that amount, which he paid. Later he again defaulted and a second judgment was entered for its amount. The court held that, although plaintiff could have entered judgment for the unpaid rent of the entire term when the first default occurred, not having done so, the entry of judgment, even for a part of the rent, exhausted the power and no judgment for a subsequent default would be confessed. The court said: "We find nothing to take the case out of the general rule that a warrant of attorney to confess a judgment is exhausted by the entry of the first judgment."

A recent and interesting comment on the subject was made in Hogsett et al. v. Lutrario, 140 Pa. Superior Ct. 419. The warrant of attorney contained in the lease then before the court read as follows:

"The lessee hereby authorizes any attorney of any court of record, as often as default be made in the payment of said rental, to appear for him and confess judgment or judgments against him for the amount of rent then due and unpaid," etc.

No effort was made to enter a second judgment under the power of attorney and therefore the case is no ·

authority that it could not be done, nevertheless, the court did have this to say (p. 424) :

"When a judgment is entered upon a warrant of attorney and such judgment is void, the warrant of attorney is exhausted. Neither the court, the prothonotary, nor the attorney who confessed the judgment has power to do any act which would have the effect of giving vitality to the power of attorney."

None of the cases cited .above presents precisely the same question as the case. now before us, but they do demonstrate how strictly and uniformly the courts have applied the general rule that a warrant of attorney to confess a judgment is exhausted by the entry of the first judgment.

In consideration of the cases cited above we are of the opinion that the general rule applies to this case and that the warrant of attorney contained in the lease was exhausted by the entry of the first judgment and nothing could thereafter be done to give it the breath of life. After the entry of the first judgment the renewal of the agreement, "for another like term the same as though a new agreement of lease identical with this had been executed and delivered by the said parties hereto for a succeeding term," was the renewal of an agreement of lease with the power of attorney to enter judgment exhausted.

We cannot agree with the contention of plaintiff that on June 2, 1941, a new lease was entered into by the agreement and conduct of the parties, which contained a new warrant of attorney. It is to be noted that the written lease contained a provision that it should in no way be changed or altered except by a writing signed by all the parties thereto. No such writing was executed. Therefore, if there was any renewal of the lease which contained the original power of attorney, it must have been because the party of the second part continued in possession after the expiration of the term, and the lessor deemed it a renewal of the agreement under the authority which he had under the lease.

We are, therefore, of the opinion that the rule to strike off the judgment entered to no. 248, September term, 1941, should be made absolute and the judgment stricken off the record, and it is so ordered this second day of February 1942.