## Mellott v. Fisher

*Robert Madore*, for plaintiff.
*Charles M. Koontz*, for defendant.

WRIGHT, P. J., October 11, 1946.—By written lease dated May 5, 1941, Charles W. Corle, plaintiff's assignor, leased a dwelling to John M. Fisher, defendant, for a term of one month from date. The instrument contained a provision that, in default of 30 days' notice by either party, "this agreement shall be considered as renewed for the succeeding term of ............". In another provision lessee defendant authorized the confession of judgment in ejectment.

On September 18, 1946, alleging that defendant failed to vacate after 30 days' written notice, plaintiff confessed judgment in ejectment and obtained an immediate writ of habere facias possessionem. We now have before us defendant's rule to show cause why said judgment should not be stricken off.

The question involved is whether plaintiff had authority, under the warrant in the lease, to confess judgment in ejectment in view of the fact that the blank space in the renewal clause was not filled in. Reliance is placed upon the lower court case of Goldman v. Novek, 24 Dist. R. 81, which rules that unfilled blanks in a lease or in a warrant to confess judgment do not destroy the validity thereof. We think that this case can be distinguished on the facts. Insofar as it cannot, however, we are not in agreement with it. We prefer the reasoning of the case of Farbman v. Meyers, 29 Dist. R. 713, wherein Judge Stern, now Mr. Justice Stern of the Supreme Court, holds that, if the usual printed clause providing for an additional term is left blank, either by accident or design, the lease must be treated as one that contains no renewal clause. Our conclusion is supported by two well-established principles of construction: First, in case of doubt or uncertainty as to the meaning of a lease, its provisions are to be construed most strongly against the lessor and in favor of the lessee: Larsh et al. v. Frank & Seder, 347

Pa. 387; second, a warrant authorizing the entry of a summary judgment must be strictly construed; if doubt exists, it must be resolved against the party in whose favor the warrant is given: Baldwin v. American Motor Sales Co., 309 Pa. 275.

Since the consequence of our ruling is that defendant in this case held over, not in accordance with any provision of the lease, but under an implied agreement of tenancy, we are clear that the warrant to confess judgment did not continue in effect. Plaintiff relies upon a line of cases, such as Harvey v. Gunzberg, 148 Pa. 294, deciding that where a tenant holds over after the expiration of his term, no new arrangement having been made, the holding becomes a tenancy for another term upon the same conditions. We are of the opinion, however, that this proposition does not apply to warrants to confess summary judgment. In Smith v. Pringle, 100 Pa. 275, the Supreme Court held that a warrant authorizing confession of judgment in a lease refers to the particular term only, and does not authorize the entry of judgment in case of a subsequent implied tenancy arising from holding over by the tenant. On the other hand, if the tenancy continues by virtue of a renewal clause, the warrant remains effective: Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330. This distinction is emphasized in Gold v. Fox Film Corp., 289 Pa. 429, and Thompson v. Carns, 93 Pa. Superior Ct. 575.

It becomes unnecessary to pass upon defendant's contention that, even if valid, the renewal clause would not operate to continue the warrant in effect beyond one additional term. We might point out, however, that Pettit v. Tourison, 283 Pa. 529, which is the case relied upon, deals with a "privilege of renewing", as distinguished from an automatic renewal clause, the operation of which may be avoided by either party upon the giving of proper notice.

*Decree*

Now, October 11, 1946, rule absolute. The judgment in ejectment against defendant is hereby stricken off at the cost of plaintiff.