Glass v. Dean Coal Co.

*Englehart, Larimer & Englehart,* for plaintiff.
*Davis & Davis,* for defendant.

McDONALD, J., October 9, 1956.—This is an action in trespass to land situate in White Township, Cambria County. The suit is brought by Gerald F. Glass "in behalf of all of the heirs of J. Adam Glass, deceased," as the owners of the tract of land, against Dean Coal Company, a corporation. The complaint alleges that during the months of May, June and July, 1955, defendant transported coal mined from other tracts across the land and also stored certain machinery thereon. The fair rental value of the land used for these two purposes is claimed as damages.

Defendant has filed preliminary objections raising questions of venue of the action and authority of plaintiff to maintain the action on behalf of other unnamed parties. These objections are now before the court.

If the action, as argued by defendant, is assumpsit, rather than trespass, then the venue is not properly laid in Cambria County. Service of process was made in Clearfield County at defendant's principal place of business by deputized service. In trespass, such service is proper under the Act of June 13, 1836, P. L. 568, sec. 42, since the cause of action is alleged to have occurred in Cambria County. However, if the action is assumpsit, service of process may only be made on a corporation in the county where its registered office or place of business is located or in a county where it regularly conducts business. Thus, the venue in the latter instance would have to be Clearfield County.

Plaintiff does not aver negligence or claim damages by force and violence. The trespass claimed is the unlawful entering upon and using the land. The averments in paragraphs six and seven of the complaint, "without first obtaining any permission", indicate an

unlawful entry and would be sufficient to sustain a trespass.

While the damages here claimed are the rental value of the land during the unlawful use, it is not an action for use and occupation. This latter form of action is founded upon privity of contract, either express or implied, and would be in assumpsit. However, where land is entered without consent of the owner, and there are no circumstances which may be used to imply a privity of contract, then the proper action is trespass: Brolasky v. Ferguson, 48 Pa. 434; McCloskey v. Miller, 72 Pa. 151; Silliman v. Whitmer and Sons, 11 Pa. Superior Ct. 243 (262). The Restatement of the Law of Torts, vol. 1 §158, defines such a trespass as follows:

"One who intentionally and without a consensual or other privilege

"(a) enters land in possession of another or any part thereof or causes a thing or third person so to do, . . . is liable as a trespasser to the other irrespective of whether harm is thereby caused to any of his legally protected interests."

This definition conforms to the time-worn conception of trespass at common law. We are satisfied from the averments of the complaint that the proper and only action is trespass.

The measure of damages in an action of trespass, where actual damage to the land does not occur, is the loss of value of the use during the period the land has been detained or the owner deprived of its use. The Restatement of the Law of Torts, vol. 1 §931, provides as follows:

"Where a person is entitled to a judgment for the detention of, or for preventing the use of, land or chattels, the damages include an amount for

"(a) the value of the use during the period of detention or prevention. . . ."

Thus plaintiff here does claim damages which are recoverable in an action of trespass. While sounding in assumpsit, if there is in fact no privity of contract, either express or implied and, therefore, no basis for an assumpsit, the owner of land may seek redress against a wrongdoer by an action in trespass. While the early common law forms of trespass, such as quare clausam fregit and de bonis asportatis, are preserved for actual damages both to land and chattels, it is now possible to recover for use during a trespass even though no actual harm results to the land or chattel.

In our opinion the action is proper, and since the complaint alleges the trespass occurred in Cambria County, the venue is properly laid. Therefore, deputized service by the Sheriff of Clearfield County, as indicated in the return, is valid.

The second objection raised by defendant as to the authority of plaintiff to maintain an action on behalf of the other heirs of the deceased owner of the land is well taken and plaintiff so agrees in his brief. Since an amended complaint naming the heirs of J. Adam Glass, deceased, is now in the process of being executed, no further discussion is required on this point.

We make the following

*Order*

Now, October 9, 1956, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the preliminary objection as to the authority of plaintiff to act for other unnamed plaintiffs be sustained, unless there shall be filed within 20 days hereof an amended complaint by the parties in interest or someone acting in behalf of any or all of these. If such amendment be filed within the time allowed, the objection will be dismissed.

And further, the preliminary objection as to the venue of the action is dismissed.