Mack, Appellant, *v.* Fennell.

Argued March 23, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John P. Yatsko,* for appellant.

*Roger B. Reynolds,* for appellee, submitted a brief.

OPINION BY WOODSIDE, J., June 15, 1961:

The court below struck off a judgment entered by confession in favor of a landlord against his tenant in the amount of $540 for rent from March 1 to and including November 1, 1958. The landlord appealed.

Edwin R. Mack leased his premises at 916 Swede Street, Norristown to Jane T. R. Fennell under a written lease providing for a term of one month and a tenancy from month to month thereafter at a rent of $60 per month payable on the first of each month. The lease provided in paragraph seven for termination by 30 days written notice by either party.

After the tenants had occupied the premises for several years, the landlord notified the tenant on January 17, 1958, as follows: "NOTICE is hereby given on behalf of Edwin R. Mack, your landlord, that your lease for the second floor apartment at the above ad-

dress is terminated as of February 28, 1958, in accordance with paragraph seven of the lease."

The tenant continued to occupy the premises after February 28, 1958, and on November 29, 1958, Mack entered judgment in ejectment and "for the sum of Five Hundred Forty Dollars with costs for rent in arrears," which sum was described as "being the rental for the period from March 1, 1958, to and including November 1, 1958, the damages which Plaintiff suffered by reason of Defendant's unlawful detention of the demised premises."

This judgment was entered under a provision of the lease allowing judgment to be entered by confession against the lessee ". . . for the recovery of the possession of the aforesaid premises, and also for all arrearages of rent, if any, . . . and the cost including an Attorney fee of ten percent to be assessed as part of said costs."

Execution was issued on the judgment, but the goods levied upon were claimed on behalf of a third party. Later, an attachment execution was issued in garnishment of certain funds due the defendant. She, thereupon, on February 16, 1960, petitioned to strike the judgment, which the court below subsequently ordered.

The court below took the position that the lease terminated February 28, 1958, and that the only claim which the landlord had thereafter was not for rent, but for damages for detention. As the power of attorney authorizes the entry of judgment for rent, the court, applying the rule of strict construction to such powers, held that the law did not authorize the entry of judgment for "the damages." *Polis v. Russell*, 161 Pa. Superior Ct. 456, 55 A. 2d 558 (1947).

The court assumed, we think erroneously, that after February 28, 1958, the landlord was no longer entitled

to rent, but was forced to seek damages which could be "more or less than the rent previously charged." It is true that *after* the entry of a judgment in ejectment a landlord cannot any longer collect rent, because he is then dealing with the occupant of his premises as a trespasser, and not as a tenant. He can eject the tenant and at the same time enter judgment for the rent accrued when the tenant was evicted, but he cannot recover both the possession and the rent for the balance of the term. *DeLong Hook & Eye Company v. Vogue Silk Hosiery Co.,* 108 Pa. Superior Ct. 369, 373, 374, 164 A. 848 (1933); *Greco v. Woodlawn Furniture Co.,* 99 Pa. Superior Ct. 290, 292 (1930).

When the tenant unlawfully remained in possession subsequent to the expiration of the term, the landlord could elect either to collect rent for the occupancy or to deal with the occupant as a trespasser and seek damages. When a tenant holds over at the end of the term, he becomes a tenant at sufferance, though the lessor has the option to treat him either as a trespasser or as a tenant for an additional term. If he is treated by the landlord as a tenant for an additional term, the tenant is liable for use and occupancy for the interval between the termination of the lease and the election of the lessor to treat him as a trespasser. *Williams v. Ladew,* 171 Pa. 369, 33 A. 329 (1895). The plaintiff in an action for use and occupancy may prove a contract to pay a stipulated compensation for the use of the land. *Tourison v. Engard,* 30 Pa. Superior Ct. 179, 181 (1906); *Brolasky v. Ferguson,* 48 Pa. 434 (1865).

If the landlord elects to treat the lease as renewed for the months after the notice to quit, and elects to collect rent, the power to confess judgment for the rent remains. The tenant cannot, by her act of unlawfully remaining in possession, destroy this power which she gave to the landlord.

There is no good reason for denying the landlord the right to consider the lease as effective during the period that the tenant treated it as effective by continuing in possession after the notice to quit. Until the landlord elected to treat the tenant as a trespasser by the entry of judgment in ejectment, there is no reason to deny him the right to collect rent for the occupancy. The law should not permit the tenant, by her own improper act of remaining in possession, to nullify the power of attorney to collect rent for the occupancy.

Of course, the landlord *could* have sued the tenant as a trespasser for damages resulting from the tenant's unlawful retention of possession after the date on which he was lawfully notified to vacate, *Taylor v. Kaufhold,* 368 Pa. 538, 84 A. 2d 347 (1951), and the landlord was limited to a suit for damages for retention of the premises after he made an election to treat the tenant as a trespasser by entering judgment in ejectment. But, he also had the right to treat the holding over as the renewal of the lease for another like term of one month, and so on from month to month.

*Smith v. Pringle,* 100 Pa. 275 (1882), has been cited as authority in Stern's Trickett on the Law of Landlord and Tenant, §90, pp. 102-3, for the rule that "The right to confess judgment for the rent has reference only to the rent for the particular term of the lease and does not authorize the entry of judgment for rent accruing after the expiration of the term where the tenant holds over." See also *Page v. Wilson,* 150 Pa. Superior Ct. 427, 436, 28 A. 2d 706 (1942).

In *Smith v. Pringle,* supra, the power of attorney contained in the lease did not give authority for the entry of judgment "for all arrearages of rent," as in the case before us, but only for $450, which was the amount of rental for the first year. The Court there held that the rent of $450 having been paid during the

first year, the judgment which the power was given to enter was satisfied and the power exhausted. The syllabus of the case and Trickett's statement extend the rule beyond the holding of the case.

The law is settled that a power of attorney to enter judgment for rent is applicable not only for the rent during the fixed term contained in a lease, but also for the rent accruing under the lease by virtue of its renewal by a holding over. *Gold v. Fox Film Corp.*, 289 Pa. 429, 137 A. 605 (1927); *Thompson v. Carns*, 93 Pa. Superior Ct. 575, 577 (1928).

Where a tenant holds over after the expiration of a lease for a definite term, he ordinarily becomes a tenant for a like term if the term is for one year or less, and he becomes a tenant from year to year, if the term is for one year or longer. *Routman v. Bohm*, 194 Pa. Superior Ct. 413, 168 A. 2d 612 (1961). The landlord, therefore, has the right here to treat the holding over as the renewal of the lease for a like term, here one month, and to collect the rent for that month, and for each succeeding month, until he entered judgment in ejectment. That is what the landlord did in this case by the entry of judgment for rent.

It is argued that in entering the judgment the reference to the "rental" as "the damages which Plaintiff suffered by reason of Defendant's unlawful detention of the premises" was proof that the landlord considered the tenant as a trespasser and attempted to enter judgment for damages. The power of attorney gave the landlord no right to enter judgment for damages, but the record shows that the judgment was entered "for rent in arrears." In our opinion the subsequent language concerning damages was superfluous and meaningless. See *Altoona Trust Co. v. Fockler*, 311 Pa. 426, 434, 165 A. 740 (1933); *West Penn S. & G. Co. v. Shippingport S. Co.*, 367 Pa. 218, 80 A. 2d 84 (1951).

It appears from the record that there is a question concerning the costs of $366.68 assessed on the attachment execution. We do not have the facts concerning this question before us, and our order does not foreclose consideration of this question by the court below.

Order striking the judgment is reversed.

---

DISSENTING OPINION BY WRIGHT, J.:

I respectfully dissent. When this tenant remained in possession after March 1, 1958, the landlord had the option to treat her either as a trespasser or as a tenant for an additional term. As stated by President Judge DANNEHOWER in his well considered opinion, the conduct of the landlord was "consistent only with an election to treat the tenant as a trespasser". The affidavit of default supporting the judgment in ejectment is expressly based upon the notice of January 17, 1958, and the tenant's refusal to vacate on or before March 1, 1958. It refers to the rent thereafter as "the damages which plaintiff suffered by reason of defendant's unlawful detention of the demised premises". The instant lease does not authorize the confession of judgment for damages due to unlawful detention. The landlord should not be permitted both (a) to consider the lease terminated on March 1, 1958, so far as his amicable action in ejectment is concerned, and in the same proceeding (b) to consider the lease in effect by confessing judgment for rent subsequent to the stated termination date. Had the landlord elected to treat the tenancy as continuing under the lease, a further notice of his intention to terminate would have been required. It is my view that the order of the court below should be affirmed.