Cox et ux., Appellants, *v.* Wilson.

Argued June 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Leonard J. Tripodi,* for appellants.

*William H. Turner,* for appellee.

OPINION BY WOODSIDE, J., September 12, 1963:

This is an appeal from an order of the Court of Common Pleas of Delaware County opening a judgment entered by virtue of a power of confession contained in a written lease. The judgment was entered by the landlords, Wilbur H. Cox and his wife, Mildred, against his former tenant, Karl H. Wilson, for an annual rental of $900, plus attorney fees and other items which brought the total to $1030.

The lease containing the power of confession was dated May 1, 1956, and provided for a tenancy for a term of one year from that date to April 30, 1957, and from year to year thereafter unless terminated by either party by 60 days' notice prior to the end of the current term. On February 28, 1957, the plaintiffs, as lessors, gave written notice to their tenant terminating the lease as of May 1, 1957, which was the end of the term of the lease. However, on or prior to the date of termination, the parties agreed that the defendant should remain in possession paying the same rent of $75 per month. The defendant continued in possession and paid the rent until April 30, 1960, on which date he vacated the premises. The defendant had given the plaintiffs notice of termination of the tenancy thirty or more days, but less than 60 days, prior to vacating the premises on April 30. Claiming that the written lease was effective, the landlords entered judgment for one year's rent for the period from the date the tenant vacated to April 30, 1961.

The tenant, thereupon, filed a petition to open the judgment. Both parties admit the notice by the landlords to terminate, and a subsequent oral agreement to continue the occupancy. Whether this oral agreement constituted a new and separate lease or a continuation of the written lease depended upon the intent of the parties to be gathered from what transpired at that time. After examining the pleadings and holding a hearing, the court below concluded that the judgment should be opened to determine exactly what was said by the parties and what their intent was. The court also noted that the judgment covered a period for a year *after* the tenant had vacated the premises, and that it could not determine from the record what attempts, if any, the plaintiffs had made to lease the premises to another party in order to mitigate any damages they might suffer.

An application to open a judgment, being equitable in nature, is addressed to the sound discretion of the court. The action of the court below will not be reversed on appeal except for a clear abuse of discretion. *Brown v. McClure Newspaper Syndicate,* 183 Pa. Superior Ct. 316, 130 A. 2d 721 (1957); *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691 (1945); *Harper v. Quinlan,* 159 Pa. Superior Ct. 367, 373, 48 A. 2d 113 (1946). We find no abuse of discretion in the action of the court below.

The appellant leans heavily upon *Mack v. Fennell,* 195 Pa. Superior Ct. 501, 171 A. 2d 844 (1961). There the tenant unlawfully remained in possession after the termination of the written lease without the consent of the landlord and without paying rent. We held that the unlawful holding over by the tenant could be treated by the landlord as the renewal of the lease for another like term of one month, and that a judgment for the rent during the period of occupancy and a judgment of ejectment could be entered under the confessions con-

tained in the written lease. In the case now before us, all parties acknowledge that an oral agreement to continue the tenancy was made. Whether that oral agreement constituted a renewal or continuation of the written lease or whether it created a new tenancy at will or from month to month is a question which the lower court concluded could be determined only after the judgment was opened.

In the light of the notice by the landlord to terminate the written lease, the thirty day notice of the tenant that he was vacating, the payment of the rent in full during the occupancy and the entry of judgment for a year's rent covering a period *after* the tenant had vacated, the equities are clearly with the tenant, and any doubt at this stage of the proceedings should be resolved in his favor. We are not suggesting that the tenant is not bound by the written agreement should the testimony show that it was in effect at the time he vacated the premises, but we are suggesting that he should not be denied the right to show the facts relating to the oral agreement and to prove, if possible, that the written lease was not effective at the time he vacated the premises.

Order affirmed.